UNITED STATES of America,
Plaintiff–Appellee,

v.

Herman G. PANTON,
Defendant–Appellant.

No. 86–3649
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 14, 1988.

Samuel Robert Mendelbaum, Smith & Williams, Tampa, Fla., for defendant-appellant.

Robert W. Merkle, U.S. Atty., Donald E. Lewis, Asst., U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges.

RONEY, Chief Judge:

Defendant Herman G. Panton was convicted of possession with intent to distribute and distribution of cocaine within 1000 feet of an elementary school in violation of 21 U.S.C.A. § 845(a), for which he was sentenced to 30 months imprisonment. Defendant does not dispute that the sale took place. He contends that he was not the person who sold the cocaine to the undercover detective, and that the detective was mistaken in identifying him as the seller. He contends that the Government should

have been compelled to reveal the identity of a confidential informant who was the only individual, other than the detective, who could identify the individual involved in the drug sale. The district court should have ascertained what the confidential informant's testimony would be, before balancing the interests, concerned in a decision of whether to compel disclosure of the Government's confidential informant. We vacate and remand.

A brief review of the evidence at trial dictates the decision in this case. The St. Petersburg Police Department was responding to complaints concerning suspected, neighborhood drug-related activities. In line with ongoing drug investigations, a detective contacted a confidential informant to arrange a drug transaction between himself and the occupant of a neighborhood apartment. The informant went with the detective to the apartment, introduced him to a black man known only as Herman, then withdrew, but met the detective shortly thereafter. The detective identified defendant Panton as the Herman from whom he had negotiated the $50 sale of a half gram of cocaine.

The detective was the only witness at trial who identified the defendant as the seller. Defendant Panton, however, introduced evidence which placed that identification in question. He testified that he was no longer residing in the particular apartment at the time of the drug sale, and that the new tenants had changed the locks. This testimony was corroborated by Panton's former landlord and the new occupants of the apartment. Panton's girlfriend testified that at the time of the alleged sale, he had accompanied her while she underwent a medical examination regarding her pregnancy. Panton testified that he had never seen the detective before.

■ There is a public interest based on the need for effective law enforcement, in the Government's privilege to refuse to disclose the identity of confidential informants. On the other hand, there is also a public interest in disclosing the identity of anyone whose testimony would be "rele-

vant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Roviaro v. United States*, 353 U.S. 53, 60–61, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1957). When ruling on a defendant's motion to require the Government to reveal the identity of a potential witness, the trial court must strike a balance between these two interests. The Supreme Court has stated that

no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62, 77 S.Ct. at 628–29.

■ The evidence in this case shows that to strike the balance in this case the district court must find out what the confidential informant's testimony would be. Aside from briefly discussing *Roviaro*, the entire argument on the point in the Government's brief is as follows:

[T]he facts in the instant case clearly indicate that the confidential informant was a mere tipster and that he neither participated in the transaction nor witnessed the actual transaction himself. In addition, the defendant in his brief points to no specific facts resulting from the testimony at trial which would suggest that the testimony of the confidential informant could further the interest of justice, and the Government argues in light of the balancing tests facing the court in matters of this nature that the instant case is illustrative of the many cases which hold that without compelling reasons, the interest of effective law enforcement requires that the Government be permitted to refrain from identifying confidential informants.

This argument, of course, misrepresents the evidence. Rather than being a mere tipster, the confidential informant went

into the room with the detective and the narcotics seller, introduced the two, waited in the alley outside the apartment while the alleged transaction took place, and met the detective right after the alleged sale took place. There is no indication that anyone else was involved, except the two people the confidential informer knew to be present. Although the informant could not testify that a sale took place, he could testify that if a sale took place at that meeting, it had to be between two individuals that he knew and could identify. Thus, the characterization of this person as a "mere tipster" who did not participate in the transaction, and the statement that there are no "specific facts" shown at trial that would suggest the testimony of the confidential informant could further the interest of justice, reflect either a gross misunderstanding of *Roviaro* or of the facts of this case.

It seems to us that the Government should readily concede that testimony would "further the interest of justice" if indeed the confidential informant would testify that the defendant in the court room was not the person who was introduced to the undercover detective, and was not the person in the apartment with the detective when this transaction took place. We assume that Government counsel has reason to believe the informant would not so testify. But for all that this record shows, such testimony is a clear possibility. If this issue had been better presented, the trial court probably could have handled this matter properly in the first instance.

The record is silent about the interests which the Government may have in resisting disclosure in this particular case. Under the circumstances, an *in camera* hearing will best accommodate the competing governmental and individual interests in this case. Upon remand, the district judge should question the informer *in camera* to ascertain whether his or her testimony might be of assistance to defendant. The informer and governmental counsel should also be questioned concerning the interests served in resisting disclosure. *United States v. Fischer,* 531 F.2d 783 (5th Cir. 1976); *see United States v. Doe,* 525 F.2d

878 (5th Cir.), *cert. denied,* 425 U.S. 976, 96 S.Ct. 2179, 48 L.Ed.2d 801 (1976); *United States v. Freund,* 525 F.2d 873 (5th Cir.), *cert. denied,* 426 U.S. 923, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976).

We recognize the possible difficulty in learning whether the detective has misidentified the defendant as the person introduced to him by the informer, without revealing the informer's identity to the defendant or his counsel. We are confident, however, that the court, with the full cooperation of the Government, will be able to solve that problem. The defendant, of course, would argue that he should be able to cross-examine the informer, regardless of his or her *in camera* testimony. The district court has broad discretion in deciding the usefulness of cross-examination, however, and may be able to properly resolve the matter without a confrontation. If the district court decides that the identity of the informer should be revealed, under the proper standards, the sentence should be vacated and defendants should be given a new trial.

Panton also claims on appeal that there was insufficient evidence that the drug transaction occurred within 1000 feet of an elementary school. The Government produced testimony concerning a paced measuring of the distance, which defendant failed to rebut with any contrary measurement or even a well-founded estimate. The evidence was clearly sufficient to establish this fact beyond a reasonable doubt.

REMANDED.