**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Stephen MORALEZ,**
**Defendant–Appellant.**

**No. 89–1154.**

United States Court of Appeals,
Tenth Circuit.

July 6, 1990.

---

**3.** Because we remand for resentencing, we need not address the government's cross-appeal challenging McNutt's sentence.

James P. Moran, Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., with him on the brief), Denver, Colo., for plaintiff-appellee.

P. Arthur Tague, Denver, Colo., for defendant-appellant.

Before MCKAY and MOORE, Circuit Judges, and DUMBAULD, Senior District Judge.*

JOHN P. MOORE, Circuit Judge.

Stephen Moralez appeals his conviction for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846; possession with intent to distribute 195 pounds of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and distribution of one pound of marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Mr. Moralez contends the district court improperly denied his motion to disclose the identity of a confidential informant. Because we are unable to determine from the record whether the district court conducted the balancing test required under *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and whether disclosure is essential to a fair determination of the case, we remand to

---

* Honorable Edward Dumbauld, Senior District Judge for the Western District of Pennsylvania, sitting by designation.

the district court for the limited purpose of conducting *in camera* proceedings.

## I.

On October 27, 1988, FBI Agent Rita Cacciola advised other FBI agents she received information from a confidential informant that an individual named Julian Roger Sanchez was dealing marijuana out of a service station. FBI agents and officers from the Adams County, Colorado, Sheriff's Office initiated surveillance of a service station in Adams County.

After observing Mr. Sanchez take a camouflage bag apparently containing marijuana from the service station and distribute marijuana in a car in a nearby parking lot, police arrested Mr. Sanchez. Then, the agents and officers approached the service station where Mr. Moralez walked up to the door. When an agent identified himself as an FBI agent, Mr. Moralez turned and ran to the back of the service station. Other officers observed codefendants Felipe Alamillo and Ronald Pinelli starting to exit the rear door. The agents forcibly entered the service station and arrested Mr. Moralez and Mr. Pinelli. Advised that another individual was still inside the station, the agents entered and conducted a full search of all seven rooms. They found Mr. Alamillo in the attic and arrested him. Marijuana was observed throughout the service station. The agents found 136 small plastic bags of marijuana and three large garbage bags containing a bale and several bricks of marijuana. In all, the agents recovered 195 pounds of the substance.

Mr. Moralez, Mr. Sanchez, and Mr. Alamillo were tried together. Prior to the trial, Mr. Moralez made a motion for disclosure of the identity of the confidential informant. At the hearing on the motion, counsel for Mr. Moralez claimed that the informant was a witness to the crime and could support Mr. Moralez's contention he was not involved in Mr. Sanchez's illegal drug operations. The government responded that disclosure was not necessary because the informant was a mere tipster who was not present at the time this crime occurred.

No evidence or offer of proof was taken, and the court denied the motion. Mr. Moralez and his codefendants were found guilty by jury verdict on all three counts of the indictment. The district court denied Mr. Moralez's motion for new trial. This appeal follows.

## II.

■ We review a district court's denial of a motion for disclosure of a confidential informant for abuse of discretion. *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir.1986); *United States v. Martinez*, 487 F.2d 973 (10th Cir.1973).

■ In *Roviaro*, 353 U.S. 53, 77 S.Ct. 623, the Supreme Court held that an informant's identity must be revealed whenever it would be relevant and helpful to an accused's defense or essential to a fair determination of a cause. *Id.* at 60–61, 77 S.Ct. at 627–628. Where the government opposes disclosure of the identity of an informant, a trial judge must balance the public's interest in protecting the flow of information against the individual's right to prepare his or her defense. *Id.* at 62, 77 S.Ct. at 628. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informant's testimony, and other relevant factors. *Id.*

■ In making the requisite showing under the *Roviaro* standard, the defendant must present more than mere speculation about the possible usefulness of an informant's testimony. *United States v. Zamora*, 784 F.2d 1025, 1030 (10th Cir.1986). Disclosure of an informant is not required where the information sought from him or her would be merely cumulative, or where the informant is not a participant in or a witness to the crime charged. *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir.1987); *United States v. Halbert*, 668 F.2d 489, 496 (10th Cir.1982).

■ In this case, counsel for Mr. Moralez clearly stated how the informant's testimony was essential to Mr. Moralez's de-

fense. The confidential informant would testify to critical issues in the case: who owned the marijuana and whether Mr. Moralez was involved in Mr. Sanchez's drug operations. This testimony would not be cumulative because it is the only testimony that could support Mr. Moralez's defense theory that he was not involved in the drug operation at all, but was only in the wrong place at the wrong time. Counsel contended the confidential informant's testimony would provide a different perspective than the testimony of Mr. Alamillo, codefendant, and Mr. Pinelli, Mr. Sanchez's brother-in-law, both of whom counsel argued, had motives for implicating Mr. Moralez. The defense argued the confidential informant would provide a way for Mr. Moralez to impeach these witnesses' testimony about his involvement. Thus, the informant could provide additional potential evidence which would be essential to Mr. Moralez's defense.

The government retorted that disclosure was not necessary because the confidential informant was a "mere tipster" and not an active participant in the criminal activity charged. *Zamora*, 784 F.2d at 1030. With no more before it than the prosecutor's representation, the district court agreed with the government and denied the motion for disclosure. It is unclear from the record on what basis the district court concluded the confidential informant was not an active participant in the crime. Furthermore, we cannot tell from the record whether and how the district court balanced the benefits of disclosure and production for Mr. Moralez against the resulting harm to the government as required by *Roviaro*, 353 U.S. at 62, 77 S.Ct. at 628.

In *United States v. Fischer*, 531 F.2d 783, 787 (5th Cir.1976), the Fifth Circuit explained how cases involving confidential informants fall into several broad categories. At one extreme are the cases where the informant is a mere tipster, and disclosure is not required. *See, e.g., Zamora*, 784 F.2d at 1030; *Halbert*, 668 F.2d at 496. At the other extreme are cases such as *Roviaro* itself where the informant has played a crucial role in the alleged criminal transaction, and disclosure and production

of the informant are required to ensure a fair trial. *See, e.g., United States v. Price*, 783 F.2d 1132, 1140 (4th Cir.1986). In addition, there are cases where there is a slight possibility a defendant might benefit from disclosure, but the government has demonstrated a compelling need to protect its informant. *Fischer*, 531 F.2d at 787.

After reviewing the record, the *Fischer* court remanded for *in camera* proceedings because it was unable to determine in which category the case should be placed and whether the informant's testimony was essential to a fair trial. *Id.* at 787–88. Similarly, in *United States v. Ordonez*, 737 F.2d 793 (9th Cir.1984), the Ninth Circuit remanded for *de novo in camera* proceedings and required a complete record be made because it could not determine whether the *Roviaro* balancing test was properly applied. *Id.* at 809.

On the record before this court, we are unable to determine the degree of involvement of the confidential informant. It is distinctly possible this informant was more than a mere tipster. It would appear the informant witnessed at least the preparations of the crime and saw Mr. Sanchez in possession of the truck used to transport the marijuana. Further, the informant heard statements from Mr. Sanchez regarding possession of the marijuana, storage at the service station, and the ongoing process of weighing and packaging the marijuana for redistribution.

Conversely, we are unable to conclude from the record that disclosure is essential to a fair determination of the case. While the informant may have witnessed the preparations to the crime, he or she was not present at the service station at the time of the arrest, and there is no additional evidence indicating the informant was a member of the conspiracy. As in *Fischer*, we can only guess about the substance of the testimony which this informant would give. 531 F.2d at 788.

We are also left to speculate about the interests which the government may have in resisting disclosure and production in this particular case. In the hearing before

**569**

the district court, the government did not articulate any reasons for withholding disclosure of the informant. Therefore, we cannot tell whether the trial court conducted, but simply did not articulate, the balance between the public interest in disclosing relevant evidence which is essential to a fair determination of the cause and the government's interest in protecting the confidential informant. *Roviaro*, 353 U.S. at 62, 77 S.Ct. at 628.

■ Thus, we conclude the district court abused its discretion by denying the motion based upon the record before it. Under the circumstances, an *in camera* hearing will best accommodate the competing governmental and individual interests in this case. In *Gaines v. Hess*, 662 F.2d 1364 (10th Cir.1981), we affirmed the use of an *in camera* hearing to determine whether an informant's testimony would lend significant credence to a defendant's defense. *Id.* at 1369; *see also United States v. Perez-Gomez*, 638 F.2d 215, 218 (10th Cir.1981); *Garcia v. United States*, 373 F.2d 806, 808 (10th Cir.1967) (using *in camera* proceedings to determine informant's participation and knowledge).[1] As the *Gaines* court noted:

> Such a procedure will limit the extent of the disclosure of the informant's identity and information, thereby protecting the State's interest in avoiding unnecessary disclosure, while at the same time it will safeguard defendant's right to the testimony of any accessible witness who may be significantly helpful to his [or her] defense.

*Id.* at 1369.

Therefore, we remand for the district court to hold *in camera* hearings to determine whether the informant's testimony is relevant and whether disclosure is warranted. In addition, the district court should ascertain the government's interests in resisting disclosure and production. *Fischer*, 531 F.2d at 788. Although we leave to the discretion of the trial court how best to conduct these proceedings and assess the relevance of the informant's testimony, "the *in camera* hearings should be transcribed and sealed to permit meaningful review while retaining limited disclosure." *Gaines v. Hess*, 662 F.2d at 1369.

If the district court decides the identity of the confidential informant should have been revealed under the proper standards, then the district court should vacate the sentence, and Mr. Moralez should be given a new trial with the benefit of the additional testimony. *Id.* at 1369; *Panton*, 846 F.2d at 1337. If the district court concludes disclosure is not required, it shall make its findings in terms which will protect the identity of the informant. *Gaines v. Hess*, 662 F.2d at 1369 n. 4. The case should thereafter be returned to this court with notice, and the parties may apply for additional briefing of the issues. The remaining issues have been addressed in the dispositions of the companion cases of *United States v. Sanchez*, 89–1150 (10th Cir. June ——, 1990, unpublished), and *United States v. Alamillo*, 89–1141 (10th Cir. June ——, 1990, unpublished). We adhere to the conclusions reached in those cases for disposition of the remaining issues here.

The case is REMANDED to the district court for further proceedings consistent with this opinion.

---

**1.** Other circuits have approved the use of *in camera* proceedings to assess the relevance of an informant's testimony and to ensure proper application of the *Roviaro* test. *See United States v. Panton*, 846 F.2d 1335, 1336–37 (11th Cir.1988); *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir.1985), *cert. denied*, 475 U.S. 1030, 106 S.Ct. 1234, 89 L.Ed.2d 342 (1986); *Ordonez*, 737 F.2d at 809; *United States v. Cortese*, 614 F.2d 914, 921 (3d Cir.1980); *Fischer*, 531 F.2d at 788; *see also Price*, 783 F.2d at 1140 (recognizing the use of *in camera* proceedings to engage in the *Roviaro* balancing test or to assess the harm of a wrongful failure to disclose an informant's identity); *United States v. Tenorio–Angel*, 756 F.2d 1505, 1509 n. 7 (11th Cir.1985) (discussing the requirement of *in camera* proceedings only when the trial court does not have enough information to determine if disclosure of an informant's identity is essential).