UNITED STATES of America, Plaintiff,

v.

Paul SUMNER, Defendant.

CR. A. No. 91–10056–01.

United States District Court,
D. Kansas.

April 29, 1992.

Asst. U.S. Atty., D. Blair Watson, Wichita, Kan., for the Government.

Daniel E. Monnat, Monnat & Spurrier, Wichita, Kan., Ronald P. Wood, Gates & Clyde, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

THEIS, Senior District Judge.

A number of motions are pending in this matter. The court held an evidentiary hearing on April 10, 1992.

### I. Motion to Suppress—Doc. 22

The defendant moves to suppress all evidence seized, all statements of the defendant, and all observations of law enforcement officers obtained during the search of certain real property owned by Dr. Ralph N. Sumner, M.D. (the defendant's father). The defendant makes the following arguments: (1) he has a reasonable expectation of privacy in the property, used by the entire family as a weekend and vacation home; (2) the officers trespassed on the curtilage of the property; (3) the "open fields" doctrine does not exist under Kansas law; and (4) any statements made were involuntary and not pursuant to a free, knowing and intelligent waiver of his rights.

Dr. Ralph N. Sumner, M.D. (Dr. Sumner) testified at the hearing that he is the owner of the property where the marijuana was discovered growing on July 15 and 16, 1991. The property consists of 240 acres and is located approximately 3⅔ miles east of the city of Fredonia, Kansas. Dr. Sumner testified that all of his children have keys and have free access to the property. The members of the Sumner family use the property as a weekend retreat. The Sumners swim, fish, hunt, entertain guests, and stay overnight at a trailer home located on the property. Access to the trailer or "cabin" area is via a gravel road leading from the county road at the Sumner's property line. The gravel road passes through three locked gates, the first of which is located just off the county road, and the third of which is located near the cabin area. The gates are posted with "No Trespassing" or "Private Property" signs.

The cabin area (approximately four to five acres) is kept mowed. Located on this mowed or manicured area are the trailer, the storage shed, barbecue grills, picnic tables, and lawn furniture. Dr. Sumner testified that the vast majority of the family's time is spent on the manicured area, on the nearby pond, or on or near the gravel road which leads to the manicured area. Dr. Sumner also mows along the gravel road.

Wilson County Deputy Sheriff Mike Barrow testified that he first met the defendant, Paul Sumner, on the date of Sumner's arrest, July 16, 1991. At that time,

Barrow was an officer with the Fredonia Police Department and had previously received information about cultivated marijuana growth on Dr. Sumner's property. Barrow had been on the property for the first time the day before, July 15, 1991. On July 15, 1991, Barrow and another officer went to the Sumner property to look for marijuana. They were dropped off on the county road that runs along the south edge of the Sumner property. The officers walked north through the neighboring property, following the west edge of the Sumner property. The officers eventually crossed over the fence (three or four strands of barbed wire) and onto the Sumner property. The officers followed a dry creekbed toward the pond. The officers then followed some trails in the grass which led to a plot of marijuana. Barrow testified that they found a plot of thirteen plants, which were approximately five feet nine inches in height. Barrow testified that they were on the Sumner property for about an hour and they never entered the gravel road or the manicured area.

The next day, July 16, 1991, Barrow returned with two officers to get more information, including an accurate count of the number of marijuana plants growing on the property. The officers entered the property by the same route. The officers proceeded to the marijuana plants which had been discovered the day before. Barrow testified that he heard a motor start up over toward the pond. The officers proceeded around the pond toward the noise. The officers located Paul Sumner using a gas powered water pump to water a plot of marijuana plants with pond water. Barrow arrested Sumner. One officer remained at the scene to secure the area. Barrow and the other officer took the defendant to the manicured area, and took the defendant in the defendant's car to the police station.

■ Defendant first argues that this is not an "open fields" case because the officers actually made warrantless entries onto the curtilage of the dwelling. Pursuant to *Oliver v. United States*, 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984), only the curtilage, not the surrounding open fields,

warrants fourth amendment protection from unreasonable searches and seizures. The factors for determining the extent of a home's curtilage are: "the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by." *United States v. Dunn*, 480 U.S. 294, 301, 107 S.Ct. 1134, 1139–40, 94 L.Ed.2d 326 (1987).

The evidence at the hearing shows that marijuana plots were located some distance from the manicured area, with the nearest plot of marijuana being 60 yards away from the manicured area. No evidence was presented that the areas where the marijuana was located were used for any family activities. The residents had erected fences and no trespassing signs; however, the fence that the police officers crossed was only three or four strands of barbed wire.

While the defendant's father testified that the family used the entire 240 acre area, the court must conclude that only the manicured area of approximately four or five acres constitutes the curtilage. That manicured area included the trailer home where the family slept, the barbecue and picnic areas, and the shed where equipment was stored. The area where the marijuana was found was apparently not used by the Sumners for any purpose. The evidence presented at the hearing indicates that the officers did not enter the curtilage area until after they had entered the open field, discovered defendant watering the marijuana and arrested him.

Assuming next that the open fields doctrine would apply if this had been a federal investigation, the defendant next argues that the government cannot rely on this doctrine. Defendant argues that the open fields doctrine is not available under Kansas law and the search was conducted by state officers. Defendant argues that the law in the Tenth Circuit "seems to indicate" that state constitutional law applies in a federal prosecution to determine the

lawfulness of a search by state law enforcement officials.

■ Federal standards govern the admissibility of evidence in federal criminal prosecutions. *United States v. Glasco*, 917 F.2d 797, 798 (4th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 1120, 113 L.Ed.2d 228 (1991). The fact that state officers obtained evidence with no federal involvement does not alter the general rule. *Id.* at 798–99. "In determining whether evidence seized by state officials may be used against a defendant in a federal proceeding, the district court must determine the legality of the search and seizure as if federal officers had executed the search and seizure." *United States v. Mealy*, 851 F.2d 890, 907 (7th Cir.1988). The Courts of Appeals appear to be in agreement that evidence admissible under federal law cannot be excluded because it would be inadmissible under state law. *See United States v. Pforzheimer*, 826 F.2d 200, 204 (2d Cir.1987) (citing cases); *United States v. Chavez–Vernaza*, 844 F.2d 1368, 1372–74 (9th Cir.1987).

■ The Tenth Circuit recently stated that when a search is state in character, it need only conform to federal constitutional requirements for the resulting evidence to be admissible in a federal prosecution; violation of state law would not render the evidence obtained inadmissible in federal court. *United States v. Morehead*, 959 F.2d 1489, 1497 (10th Cir.1992). The court must reject the defendant's argument that Kansas law should apply to the search in the present case.[1]

Defendant next argues that he had a reasonable expectation of privacy in the area searched. This argument hinges on the court adopting the defendant's state law arguments, because there is no expectation of privacy in open fields. *United States v. Oliver*, 466 U.S. at 179, 104 S.Ct. at 1741–42. The court has rejected the

defendant's argument that Kansas law controls. Consequently, even if Kansas law does not recognize the open fields doctrine,[2] defendant had no expectation of privacy in the area searched.

■ Defendant's final argument is that any statements he made were involuntary. Defendant argues that he requested an attorney several times but was not allowed to obtain one. The testimony from the hearing establishes that the defendant was arrested at approximately 3:45 p.m. Defendant did not receive *Miranda* warnings until approximately 9:15 p.m. The defendant arrived at the Wilson County Jail around 5:00 p.m., was processed and placed in a cell around 5:45 p.m. The defendant was not allowed to make any telephone calls since the investigation was still ongoing. Defendant was advised of his *Miranda* rights and waived those rights in writing at 9:15 p.m. The defendant apparently made some statements at that time. From the evidence presented at the hearing, it appears that no interrogation occurred between the time the defendant was arrested and the time he received the *Miranda* warnings. No evidence was presented that the defendant requested an attorney. From the matters presently before the court, it appears that any statements the defendant made were not obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) or *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

Defendant argued in his motion that he would present evidence at the hearing to establish his standing to contest the search. The court assumes standing and, for the reasons set forth above, denies the motion to suppress.

## II. Motion to Certify Question of Law to the Kansas Supreme Court—Doc. 24

Defendant seeks to certify the following question to the Kansas Supreme Court:

---

1. The court notes that a different rule applies in cases of warrantless arrests. In the absence of an applicable federal statute, the law of the state where a warrantless arrest occurs determines its validity even for federal crimes. *United States v. Swingler*, 758 F.2d 477, 487 (10th Cir.1985).

2. The Kansas Court of Appeals has ruled that open fields are not entitled to protection from searches and seizures under the Fourth Amendment to the United States Constitution or its Kansas counterpart, Section 15 of the Kansas Bill of Rights. *State v. Tinsley*, 16 Kan.App.2d 287, 823 P.2d 205 (1991).

does the "open fields" doctrine of the Fourth Amendment to the United States Constitution apply in Kansas under Section 15 of the Kansas Bill of Rights? The defendant argues that the Kansas Bill of Rights forbids the application of the open fields doctrine to warrantless searches conducted by state officials. He argues that this court should apply the state exclusionary rule to such evidence.

For the reasons set forth above in connection with the motion to suppress, Kansas law on the open fields doctrine is irrelevant to this federal prosecution. The motion to certify shall be denied.

III. Brady Motion for Discovery of all Favorable Evidence of Defendant's Connection with Searched Premises and Items for Defendant's Motion to Suppress—Doc. 25

Defendant seeks discovery of any evidence the government may have that would indicate that the defendant possessed some interest in the real estate, was a guest or permitted user, or was otherwise connected with the real estate which was the subject of the search. Defendant argues that he needs the evidence to establish standing at the suppression hearing.

The court has assumed that the defendant has standing, but has denied the motion to suppress. This motion is moot.

IV. Motion to Compel Disclosure of Identity of Confidential Informant—Doc. 26

■ Defendant seeks the identity of the confidential informant who gave the Wilson County Sheriff's Office information regarding marijuana growing on the defendant's father's property. Defendant alleges that the confidential informant was acting on behalf of law enforcement officials. The government objects to disclosure of the identity, arguing that the defendant is merely speculating.

Deputy Sheriff Barrow testified at the hearing that he had received information from two confidential informants. The first provided information to Barrow approximately in mid-May that there were areas of growing marijuana on the Sumner property. This first informant had apparently not been on the Sumner property. Barrow did not have time to pursue the information at that time, but he intended to pursue it later. The second informant provided information to Barrow in early July. This informant stated that Paul Sumner was growing marijuana on the property. This second informant stated that he/she had recently been on the property and had seen the marijuana plants growing around the pond. No law enforcement officers were with this second informant when he/she was on the Sumner property. This informant had not been directed by the authorities to enter the Sumner property. Barrow denied that either of the two informants were law enforcement officers.

The evidence from the hearing indicates that the two informants were tipsters. They were not participants in or witnesses to the crime charged. The evidence sought from them would be merely cumulative. Their identities need not be disclosed. *See United States v. Moralez*, 908 F.2d 565, 567 (10th Cir.1990).

V. Motion for Discovery—Doc. 27

The defendant seeks a number of items. The court will address each item or category of items in turn. Defendant is entitled to any statements made by him. The government shall provide copies or allow inspection of all tangible objects requested in paragraph 5 of defendant's motion. The government shall disclose the results of laboratory tests. The government is not required to disclose the requested information regarding the expert witness. The court need not order that the government has a continuing duty to disclose, since Fed.R.Crim.P. 16(c) imposes such a continuing duty. The court cannot order the government to disclose information which is not within the possession, custody or control of the government. Fed.R.Crim.P. 16(a)(1).

VI. Motion for Leave to File Supplemental Motions—Doc. 29

■ Defendant seeks advance court approval to file additional motions after he

receives all requested discovery from the government. The government has responded that the defendant should seek leave to file any additional motions when and if he wants to file them. The court believes that a blanket prohibition against future defense motions would be constitutionally infirm. Due process requires that defendant be able to file additional motions when necessary. The court does not believe that prior court approval is required.

## VII. Motion for Discovery and Disclosure of Impeaching Information—Doc. 30

Rather than lengthen this opinion by discussing the defendant's requests and the government's response, the court shall merely set forth its rulings. The adult criminal records of government witnesses shall be disclosed. Prior misconduct or bad acts attributed to the witness need not be disclosed. All promises or consideration given to the witness shall be disclosed. Threats made to a witness, if any, shall be disclosed. Witness statements are protected by the Jencks Act, 18 U.S.C. § 3500. The government has agreed to provide these matters prior to trial. Testimony of any witnesses in other cases need not be disclosed. Personnel files of law enforcement witnesses shall not be disclosed. The defendant's request for anything else which could be helpful or useful to the defense in impeaching or detracting from the probative force of the government's evidence appears to fall within the category of *Brady* evidence and shall be disclosed, if the government has any such evidence. The request for the same evidence as to nonwitnesses shall be denied. All exculpatory evidence shall be disclosed. Information regarding other crimes committed by the defendant is Rule 404(b) evidence and shall be disclosed as provided below.

## VIII. Motion for Discovery of Rule 404(b) Evidence and for Hearing on 404(b) Evidence Outside the Presence of the Jury and in Limine—Doc. 32

Since Rule 404(b) now requires it, the government has agreed to disclose one week prior to trial any 404(b) evidence it might intend to introduce at trial. The government does not object to a hearing outside the presence of the jury before the introduction of such evidence. This motion shall be granted.

## IX. Motion for Production of Sentencing Guideline Material—Doc. 33

The court shall order disclosure of the defendant's criminal record, which is specifically required by Rule 16(a)(1)(B). The motion is otherwise denied.

## X. Motion for Disclosure of Pen Register and/or Wiretap Evidence—Doc. 34

The government states that it is not aware of the use of wiretaps or pen registers in this investigation. This motion shall be denied.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to suppress (Doc. 22) is hereby denied.

IT IS FURTHER ORDERED that defendant's motion to certify question of law to the Kansas Supreme Court (Doc. 24) is hereby denied.

IT IS FURTHER ORDERED that defendant's *Brady* motion for discovery of all favorable evidence of defendant's connection with the searched premises and items for defendant's motion to suppress (Doc. 25) is moot.

IT IS FURTHER ORDERED that defendant's motion to compel disclosure of identity of confidential informant (Doc. 26) is hereby denied.

IT IS FURTHER ORDERED that defendant's motion for discovery (Doc. 27) is hereby granted in part and denied in part.

IT IS FURTHER ORDERED that defendant's motion for leave to file supplemental motions (Doc. 29) is hereby granted.

IT IS FURTHER ORDERED that defendant's motion for discovery and disclosure of impeaching information (Doc. 30) is hereby granted in part and denied in part.

IT IS FURTHER ORDERED that defendant's motion for discovery of Rule 404(b) evidence and for hearing on Rule 404(b) evidence outside the presence of the jury and in limine (Doc. 32) is hereby granted.

IT IS FURTHER ORDERED that defendant's motion for production of sentencing guideline material (Doc. 33) is hereby granted in part and denied in part.

IT IS FURTHER ORDERED that defendant's motion for disclosure of pen register and/or wiretap evidence (Doc. 34) is hereby denied.