977 F.2d 597
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
v.
Richard Glenn THIGPEN, Defendant-Appellant, Cross-Appellee.
 Nos. 91-1128, 91-1158.
 United States Court of Appeals, Tenth Circuit.
 Sept. 29, 1992.
 
 Before McKAY, Chief Judge, BRORBY, Circuit Judge, and VAN SICKLE[1], Senior District Judge.
 ORDER AND JUDGMENT[2]
 McKAY, Chief Judge.
 
 
 1
 In this cross appeal Appellant challenges his conviction for possession of cocaine and the Government challenges the sentence Appellant received for that conviction. Appellant contends that the District Court erred in failing to exclude evidence discovered pursuant to a no-knock search warrant. Appellant further claims the District Court erred in refusing to require the Government to divulge the identity of a confidential informant who gave information to the police that led to Appellant's arrest. The Government claims the District Court erred in finding unconstitutional a Sentencing Guideline sentence contained in a plea bargain between Appellant and the Government.
 
 
 2
 Police officers in Aurora, Colorado, received information that crack cocaine was being sold out of certain apartments in Aurora. Police officers set up surveillance of the apartments and observed numerous people making short visits. Based on these observations, the officers decided to attempt an undercover crack purchase at the house using a confidential informant. Two plain clothes officers parked their unmarked car about a half a block from the apartments. After a few minutes the officers observed a number of people come out of one of the apartments and look in the officers' direction. The people drove away in two cars. The two cars circled the block and pulled up close to the officers' vehicle impeding the officers' exit. A man then exited one of the cars. The man approached the officers' car, knocked on the window, attempted to look in the officers' car, and asked one of the officers what he was doing there. The officer told the man that he and the other officer were there to watch planes take off and land at nearby Stapleton Airport. The man then returned to his car and the cars drove away.
 
 
 3
 After this incident, the confidential informant successfully made an undercover purchase of crack cocaine from people in one of the apartments. Three days later the confidential informant made two more undercover purchases of crack cocaine from people in the same apartments.
 
 
 4
 Subsequently, an investigator from the Aurora Police Department applied for a search warrant for the two apartments. In support of the application, the investigator submitted an affidavit detailing complaints received regarding the two apartments, the officers' observations during surveillance, the incident between the surveillance officers and the people leaving the apartment and the three undercover purchases of crack cocaine. The affidavit included evidence indicating that there could be more crack cocaine on the premises. The investigator concluded the affidavit with a request for a no-knock warrant to preserve evidence and ensure the safety of the officers executing the warrant. The County Court judge issued a no-knock warrant.
 
 
 5
 A swat team executed the warrant the day it was issued. The team set off a "flash-bang" device in the backyard to distract the occupants of the apartment and broke down the front door with a battering ram. Upon entering, the officers found Appellant inside the apartment. The officers searched the apartment finding more than five grams of crack cocaine and two pieces of mail linking Appellant to the apartment. The officers also found a key to the front door of the apartment in a jacket that matched the pants Appellant was wearing at the time of the search.
 
 
 6
 Appellant was charged with possession of more than five grams of cocaine base with the intent to distribute ("Count I"), with use of a firearm during a drug trafficking crime ("Count II") and with being a previously convicted felon in possession of a firearm ("Count III"). The District Court severed Count III prior to trial.
 
 
 7
 Appellant moved to suppress the evidence obtained in the search on the ground that the execution of the search warrant violated the Fourth Amendment. The District Court denied the motion in an oral opinion. The District Court noted that several statements in the affidavit supported the issuance of the no-knock warrant. These statements included the evidence indicating that the apartments were crack houses, the incident in which the occupants of the apartment questioned the officers as to their reasons for being in the neighborhood, the ease with which crack cocaine can be destroyed, and the fact that firearms are found in a large percentage of cases involving crack houses. The District Court ultimately declined to rule on whether the affidavit supported the issuance of the no-knock warrant, however. The District Court instead determined that even if the warrant was invalid, the officers were entitled to rely on the County Court judge's determination that a no-knock entry was appropriate under the good faith exception to exclusion of evidence discovered pursuant to an unlawful search.
 
 
 8
 A jury acquitted Appellant of Counts I and II, but convicted him of the lesser included offense of possession of more than five grams of cocaine base defined in 21 U.S.C. § 844(a) (Supp.1992). After trial, Appellant and the Government entered into a plea agreement designed to resolve both Appellant's sentence for his conviction for possession of cocaine base and the severed Count III.
 
 
 9
 In the agreement, Appellant pleaded guilty to Count III. The parties agreed that Appellant would receive a sentence only for his conviction of possession of cocaine base. The parties further agreed that Appellant would be sentenced to 100 months of imprisonment. The parties computed this sentence pursuant to the range set out in the Sentencing Guidelines. In that computation Appellant's offense level was derived from Guideline 2D2.1, which produced on these facts a 100-125 month range. This guideline provides that the offense level for possession of cocaine base should be drawn from the guideline that sets the offense level for possession of cocaine base with intent to distribute. Appellant reserved the right to challenge the constitutionality of the sentence. The Government reserved the right to contest the sentence on appeal.
 
 
 10
 At sentencing, the District Court determined the 100 month sentence was unconstitutional. The District Court found that sentencing Appellant as if he had committed a crime he had been acquitted of had no rational basis and violated the Eighth Amendment's proportionality requirement. The District Court sentenced Appellant to sixty month's imprisonment instead.
 
 
 11
 Appellant first contends that the District Court committed error in not suppressing and excluding evidence allegedly obtained as the result of an illegal search and seizure. Appellant claims that the affidavit supporting the search warrant was insufficient to support the magistrate's issuance of the no-knock warrant and, thus, the search was illegal.
 
 
 12
 The question of whether circumstances permit a no-knock entry into a dwelling is subject to de novo review. United States v. Stewart, 867 F.2d 581, 584 (10th Cir.1989). The search in this case was executed by state officers acting on a warrant issued by a state court. Thus, the officers' entry was legal if it met the reasonableness standard under the Fourth Amendment. See United States v. Mitchell, 783 F.2d 971, 974 (10th Cir.), cert. denied, 479 U.S. 860 (1986). In order to satisfy this reasonableness standard, police officers executing a warrant generally must announce their authority and purpose before entering a dwelling. See id. at 974. An exception to this requirement exists where exigent circumstances warrant an unannounced entry. See id. In the case at hand, the County Court judge assessed the evidence presented in the affidavit and determined that an unannounced entry into the apartments was justified due to the presence of exigent circumstances. We conclude that the affidavit contained sufficient evidence of exigent circumstances to support the County Court judge's decision to authorize a no-knock entry.
 
 
 13
 Conclusory statements regarding the conduct of drug dealers in general will not by themselves justify an unannounced execution of a search warrant. United States v. Stewart, 867 F.2d 581, 585 (10th Cir.1989). However, the evidence in this case went beyond the police investigator's generalizations regarding the crack trade. The affidavit contained a description of the incident between the occupants of one of the apartments and the police officers. This incident was sufficiently threatening to lead to the conclusion that the occupants of the apartments to be searched were extremely territorial and hostile toward anyone entering the neighborhood much less toward police officers entering their dwelling. The incident also indicates that the suspects had become aware of the police surveillance. Thus, the affidavit contained specific facts leading to the conclusion that an unannounced entry was necessary to protect the safety of the officers executing the warrant. The affidavit also included evidence indicating the presence of a substantial amount of crack in the apartments. Thus, the County Court judge was entitled to authorize an unannounced entry to preserve such easily destroyed evidence. Because we conclude the officers' no-knock entry was properly authorized, we hold the District Court did not err in refusing to exclude evidence obtained in the subsequent search.
 
 
 14
 Appellant next contends that the District Court erred in failing to require the Government to divulge the identity of the confidential informant involved in the undercover crack purchases. We review a district court's denial of a motion for disclosure of a confidential informant for abuse of discretion. United States v. Moralez, 908 F.2d 565, 567 (10th Cir.1990).
 
 
 15
 An informant's identity must be revealed whenever it would be relevant and helpful to an accused's defense or "essential to a fair determination of a cause." Roviaro v. United States, 353 U.S. 53, 60-61 (1957). Disclosure of an informant is not required, however, where the information sought from the informant would be merely cumulative, or where the informant is not a participant in the transaction in question. United States v. Scafe, 822 F.2d 928, 933 (10th Cir.1987). Where the information provided by the informant was not necessary to the presentation of the Government's case, no error results from the refusal to reveal the informant's identity. Id. at 933-34. Such is the case here.
 
 
 16
 Appellant was not charged with any activity involving the undercover purchases made by the confidential informant. Rather, the charges against Appellant were based on evidence derived from the search of Appellant's apartment. Thus, the confidential informant was in possession of no information pertaining to these charges. Appellant sought to have the confidential informant testify that Appellant was not present at the apartments during any of the undercover crack purchases. The Government stipulated at trial that the informant had never seen Appellant on any of these occasions. Thus, testimony from the informant himself would have been merely cumulative. We conclude that the District Court did not abuse its discretion in refusing to order the Government to disclose the identity of the confidential informant.
 
 
 17
 The Government contends that the District Court erred in finding the sentenced agreed to by the parties to be unconstitutional. Because the Government specifically reserved in the plea bargain the right to challenge Appellant's sentence on appeal, we will review the District Court's determination. The District Court's determination that Appellant's proposed sentence was unconstitutional is a legal question subject to de novo review. United States v. Florentino, 922 F.2d 1443, 1445 (10th Cir.1990).
 
 
 18
 The District Court found that sentencing Appellant as if he had committed a crime he had been acquitted of had no rational basis and violated the Eighth Amendment's proportionality requirement. Congress has broad discretion to determine the seriousness of an offense and prescribe penalties for that offense. Congress has rationally concluded that possession of more than five grams of cocaine base is a very serious crime that should be severely punished. Thus, 21 U.S.C. § 844(a) mandates severe sentencing treatment for that category of persons possessing more than five grams of cocaine base. Appellant was convicted under § 844(a) which provides that any person convicted of possession of more than five grams of a mixture or substance containing cocaine base shall be imprisoned not less than 5 years and not more than 20 years.
 
 
 19
 Sentencing Guideline 2D2.1 sets the offense level for possession offenses. It provides as follows:
 
 
 20
 If the defendant is convicted of possession of more than 5 grams of a mixture or substance containing cocaine base, apply § 2D1.1 ... as if the defendant had been convicted of possession of that mixture or substance with intent to distribute.
 
 
 21
 By adopting by reference the offense level set for possession with intent to distribute cocaine base, this provision operates merely as the mechanism effectuating the directive of § 844(a) that one possessing more than 5 grams of cocaine base should be severely punished. The statutory scheme equates the seriousness of possession of more than five grams of cocaine with the seriousness of possession with the intent to distribute the same amount. Such a determination is not beyond the rational discretion of Congress. Furthermore, the scheme does not result in a sentence exceeding the maximum authorized by § 844(a). Thus, this method of determining a sentence is rationally related to the mandate of § /844(a).
 
 
 22
 We likewise hold that the sentencing scheme employed in this case did not result in a sentence that is unconstitutionally disproportionate. As the United States Supreme Court has observed, "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272 (1980). We will not add to that number here.
 
 
 23
 The 100-month sentence set out in the plea agreement was within the maximum allowed by the statute and is not unconstitutional. Thus, the District Court's refusal to sentence Appellant to 100 months of imprisonment deprived the Government of the benefit of its bargain. We, therefore, remand this case to the District Court for reinstatement of the sentence of 100 months set out in the plea agreement.
 
 
 
 [1]
 Honorable Bruce Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3