36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Glenn THIGPEN, Defendant-Appellant.
 No. 94-1078.
 United States Court of Appeals, Tenth Circuit.
 Sept. 15, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendant Richard Glenn Thigpen appeals the district court's order dismissing his motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. 2255. We affirm.
 
 
 4
 Defendant was convicted on a jury verdict of possessing more than five grams of cocaine base. Defendant and the government then entered an agreement to resolve the sentencing on that conviction and to dispose of an additional count that had been severed prior to trial charging defendant with violating 18 U.S.C. 922(g)(1), prohibiting a felon to possess a firearm. The agreement provided for defendant to enter a guilty plea to the firearms charge, and to be sentenced to one hundred months based on the cocaine possession conviction.
 
 
 5
 The district court sentenced defendant to sixty months' imprisonment, contrary to the plea agreement. Both parties appealed. United States v. Thigpen, 977 F.2d 597, 1992WL252453 (10th Cir. September 29, 1992)(unpublished), cert. denied, 113 S.Ct. 1306 (1993). This court affirmed defendant's convictions, but remanded for resentencing, requiring the district court to reinstate the one hundred-month sentence set out in the agreement. Id. at * 5. On remand, the district court summarily sentenced defendant to one hundred months' imprisonment, pursuant to this court's mandate.
 
 
 6
 Defendant claims (1) he was denied his right to allocution on resentencing, and (2) he received ineffective assistance of counsel because his attorney did not challenge this court's remand for "reinstatement" of a one hundred-month sentence that had never been imposed by the district court. He claims he is entitled to reinstatement of his sixty-month sentence.
 
 
 7
 Because defendant challenges the district court's order on remand from this court, "it is necessary to examine the mandate and then look at what the district court did" to evaluate whether the district court violated the mandate. Hicks v. Gates Rubber Co., 928 F.2d 966, 969 (10th Cir.1991). The purpose of this court's remand was not for resentencing; rather, the remand was "for reinstatement of the sentence of 100 months set out in the plea agreement." Thigpen, 1992 WL 252453 at * 5. The district court was bound by our mandate to impose the higher sentence. See Citizen Band Potawatomi Indian Tribe v. Oklahoma Tax Comm'n, 969 F.2d 943, 948 (10th Cir.1992)(district court bound by court of appeals' mandate). Moreover, in view of the mandate, granting defendant the right of allocution would not have served the purpose underlying that right: to permit a defendant an opportunity to mitigate his punishment. See United States v. Barnes, 948 F.2d 325, 329 (7th Cir.1991)("The right to allocution is the right to have your request for mercy factored into the sentencing decision."). Accordingly, we perceive no error in the district court's order on remand.
 
 
 8
 We also reject defendant's argument that he received ineffective assistance of counsel because his attorney did not challenge this court's "reinstatement" of a sentence the district court had never imposed. The sentence to be "reinstated" was "the sentence of 100 months set out in the plea agreement," Thigpen, 1992 WL 252453 at * 5, not any previous sentence ordered by the district court. Because this claim is without merit, defendant's attorney was not ineffective for failing to raise it.
 
 
 9
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470