**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 20 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ALFREDO FIGUEROA,

Defendant - Appellant.

No. 02-6315
(D.C. No. CIV-01-1652-R
and CR-98-160-R)
(W.D. Oklahoma)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

---

Mr. Figueroa, a federal inmate appearing pro se, seeks to appeal from the

district court's denial of his motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255. For this court to have jurisdiction over his appeal,

a certificate of appealability ("COA") must be granted. Miller-El v. Cockrell,

2003 WL 431659, at *10 (Feb. 25, 2003). A COA requires a showing "that

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Although a "COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits," it "does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 2003 WL 431659, at *10. Where claims have been denied on the merits, it only requires "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. Stated another way, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Miller-El, 2003 WL at 431659, at *13.

Mr. Figueroa was convicted after a jury trial of one count of possession with intent to distribute 31 pounds of methamphetamine, 21 U.S.C. § 841(a)(1) and one count of illegal entry of an alien who had been previously deported, 8 U.S.C. § 1326(a), and was sentenced to 240 months imprisonment. On direct appeal, the conviction was affirmed. United States v. Jose Alfredo Figueroa, No. 99-6180, 2000 WL 963346 (10th Cir. July 12, 2000), cert. denied, 531 U.S. 1175 (2001). In his § 2255 motion, he claimed that (1) he was denied due process

when the government refused to disclose and was not required to disclose to him the identity of the confidential informant; (2) he was denied effective assistance of trial counsel because his trial counsel failed to locate witnesses in his defense and (3) failed to seek certain downward departures and did not object to calculations of drug weights at his sentencing hearing; (4) he was denied due process when the government introduced testimony from law enforcement officers concerning their experiences and the drug trade in general; (5) he was denied due process by being charged and tried under a statutory provision that removed from the jury the determination of facts necessary for an increase in his penalty, and when the jury was not instructed that it need not find that a particular amount of drugs was involved in the offense, and (6) he was denied due process when he was sentenced for reentering the country after deportation. II R. Doc. 86.

In his application for a COA, Mr. Figueroa argues that he should be granted a COA on the first issue because reasonable jurists could conclude that the identity of the confidential informant was essential to prove his innocence, i.e., that he lacked knowledge that drugs were contained in the vehicle. He contends that the informant would have had to have been close to the owners of the drugs and more than likely knew to whom the drugs belonged. He also contends that reasonable jurists could also conclude that an evidentiary hearing was necessary.

We do not think that the district court's resolution of this issue (or any other) leaves room for debate, thus requiring a COA. Mr. Figueroa has supplied no facts (merely speculation) suggesting that disclosure would be "relevant and helpful" to his defense. See Roviaro v. United States, 353 U.S. 53, 62 (1957). It should be noted that the district court denied Mr. Figueroa's pretrial motion to compel the government to disclose the informant, after conducting an in camera, ex parte hearing. I R. Doc. 40. In a written order, the district court concluded that the informant was a "mere tipster," not a direct participant in the crime, and disclosure was not required. I R. Doc. 40 at 3; see United States v. Moralez, 908 F.2d 565, 568 (10th Cir. 1990) (discussing categories of confidential informant cases). Mr. Figueroa did not claim to be unaware of what occurred. At trial, Mr. Figueroa submitted an affidavit claiming that he borrowed the vehicle from Juan Cadena, but Mr. Cadena testified at trial that he did not know Mr. Figueroa, had not loaned him the vehicle, and had sold it to another party. Given these facts and the well-established law in this area, nothing suggests that the district court's resolution of the confidential informant issue is deserving of further inquiry.

We DENY a COA, DENY IFP as moot, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge