**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHARLES F. BERNARD,

Petitioner-Appellant,

v.

CHARLES RAY,

Respondent-Appellee.

No. 07-7017

Eastern District of Oklahoma

(D.C. No. CIV-05-507-FHS)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Charles F. Bernard, Sr., a state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Bernard has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and dismiss the appeal. *Id*. § 2253(c)(2).

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

## Background

On January 24, 2001, a McAlester, Oklahoma, police officer pulled over Mr. Bernard's El Cameno after observing a traffic violation—namely, a seatbelt hanging out the car door. The officer had been on the lookout for the car because he had previously received from the FBI a tip that an individual named Chuck Bernard would be traveling through McAlester in an off-White El Cameno with a large amount of marijuana. The FBI had acquired this information from a confidential informant.

After issuing Mr. Bernard a citation for the seatbelt violation, the officer asked if he could search the vehicle. Mr. Bernard consented. The search revealed a false compartment which held clear plastic bags containing a brown, leafy substance. At this point, the police obtained a search warrant and impounded the vehicle. The subsequent search revealed that the car contained 84.5 pounds of marijuana.

An Oklahoma jury convicted Mr. Bernard of trafficking in marijuana and recommended thirty years imprisonment, a sentence which the judge subsequently imposed. After losing challenges on direct appeal and in state collateral proceedings, Mr. Bernard challenged the execution of his sentence by filing a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Oklahoma. He alleged that the search of his vehicle violated the Fourth Amendment, that his appellate counsel was ineffective for

failing to argue that the confidential informant did not actually exist, and that failure to allow discovery on the issue of the informant denied him a fair trial. The district court denied his petition and Mr. Bernard now applies for a COA.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mr. Bernard raises two claims in his COA petition: (1) that appellate counsel was ineffective because he failed to raise on appeal the issue concerning the existence of the confidential informant and, (2) that the trial court did not hold a full and fair *Franks* hearing on the issue of the existence of the same informant. *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

### A. Ineffectiveness of Appellate Counsel Claim

Mr. Bernard argues that counsel was ineffective for failing to raise on appeal the issue of whether the trial court erred in its "refusal . . . to confirm the

existence of a confidential informant." Appellant's Br. 1.[1]  To show

ineffectiveness of counsel a petitioner must show that counsel's performance was

both deficient and prejudicial to his defense. *Strickland v. Washington*, 466 U.S.

668, 687 (1984).  The *Strickland* standard applies to appellate as well as trial

counsel. *Evitts v. Lucey*, 469 U.S. 387, 393–400 (1985); *United States v. Cook*,

45 F.3d 388, 392 (10th Cir. 1995).  In analyzing the strategic decision to omit an

issue on appeal, we grant deference to the professional judgment of the appellate

attorney. *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003).  "We examine

the merits of the omitted issue," and if it "is without merit, counsel's failure to

raise it does not constitute constitutionally ineffective assistance." *Cook*, 45 F.3d

at 392–93 (internal citation and quotation marks omitted).

The government has long had the authority to withhold the identity of

informants in "the furtherance and protection of the public interest in effective

law enforcement." *Rovario v. United States*, 353 U.S. 53, 59 (1957).  This

authority was granted to recognize the civic duty citizens have to inform the

police of illegal activity, and to encourage that cooperation by shielding

informants' identities. *Id.* at 59.  While this ability to prevent the accused from

confronting an informant is not unlimited, *see id.* at 60, "[d]isclosure of an

---

[1] In his petition below, Mr. Bernard further explains this claim: "[Counsel] refused to present the claim that there was never an informant and that fact could have been used to impeach the credibility of all of the State's witnesses."  R. Vol. I, Doc. 1, at 7.

informant is not required where the information sought from him or her would be merely cumulative, or where the informant is not a participant in or a witness to the crime charged." *United States v. Moralez*, 908 F.2d 565, 567 (10th Cir. 1990). Seemingly in recognition of the wide latitude we give the government on this issue, Mr. Bernard is not challenging the concealment of the informant's identity. Rather, he challenges the actual existence of the informant. Essentially, he asks us to overrule the trial court's determination that the informant was a real person.

Paul Watson, an F.B.I. Agent, testified as to the existence of the confidential informant in this case. Based on this testimony, the trial judge found that the confidential informant was real. In order to obtain a further evidentiary hearing on this issue at trial, Mr. Bernard would have had to make a "substantial . . . showing" that a statement in the affidavit supporting the search warrant was (1) false, (2) made knowingly and intentionally or with reckless disregard for the truth, and (3) necessary to the finding of probable cause. *Franks*, 438 U.S. at 155–56, 171–72. Mr. Bernard has not satisfied these requirements. He has offered no evidence to show that anyone lied about the existence of the confidential informant. Any hearing on the matter would be based on rank speculation. "Nothing in the Due Process Clause of the Fourteenth Amendment requires a state court judge . . . to assume the arresting officers are committing perjury." *McCray v. Illinois*, 386 U.S. 300, 313 (1967). Additionally, even if the

FBI invented the informant from whole cloth, the seatbelt violation furnished the McAlster police with independent reasonable suspicion to stop Mr. Bernard. *See Whren v. United States*, 517 U.S. 806, 811–14, 819 (1996). Mr. Bernard's consent to the search and the subsequent uncovering of a false compartment containing what appeared to be marijuana then furnished the police with independent grounds to support a search warrant. Consequently, the informant issue had no potential merit on appeal and counsel's failure to raise it did not constitute deficient performance. No reasonable jurist could dispute the district court's resolution of this issue and Mr. Bernard's application for a COA on this ground fails.

## B. Disclosing the Existence of a Confidential Informant

In a similar vein, Mr. Bernard argues that the trial court erred by not holding a hearing or allowing discovery on the issue of the existence of the informant. Mr. Bernard failed to present this argument on direct appeal to the Oklahoma Court of Criminal Appeals. Consequently, the state court refused to entertain the argument in Mr. Bernard's state post-conviction relief proceedings. Claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court unless the petitioner can show cause and prejudice or a fundamental miscarriage of justice. *Smith v. Mullin*, 379 F.3d 919, 925 (10th Cir. 2004). In this case, the default rule is an adequate and independent procedural ground, and Mr. Bernard cannot

demonstrate cause and prejudice or a fundamental miscarriage of justice.  To the extent Mr. Bernard attempts to show cause by pinning the failure to raise the issue on the ineffective assistance of his counsel, we have already concluded that the omission of this meritless claim on appeal did not constitute faulty performance.  Again, no reasonable jurist could dispute the district court's resolution of this issue.

Accordingly, we **DENY** Mr. Bernard's request for a COA and **DISMISS** this appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge