UNITED STATES of America,
Plaintiff–Appellee,

v.

Angel FLORENTINO, a/k/a Jose Mesa,
a/k/a Manuel Martinez,
Defendant–Appellant.

No. 90–2020.

United States Court of Appeals,
Tenth Circuit.

Dec. 28, 1990.

**1444**

fense level and criminal history category under the Sentencing Reform Act of 1984. *See* 28 U.S.C. § 994(a). He also objects to the court using the same prior convictions as a basis for sentencing him at the top of the applicable guideline range, thus effecting multiple counting. Our jurisdiction arises under 18 U.S.C. § 3742(a).

We affirm.

### Background

The facts in this case are straightforward and are not in dispute. On August 17, 1989, Florentino was driving a car accompanied by a van near a United States Border Patrol checkpoint on Interstate 10, Dona Ana County, New Mexico. Both vehicles were stopped by the Border Patrol and ten illegal aliens from the Republic of Mexico were found in the van. The van was driven by Florentino's co-defendant, who admitted that both vehicles were traveling together. In addition, Florentino stated that he was to receive $3,000 for transporting the aliens to California. On September 14, 1989, Florentino was indicted on four counts of transporting aliens but in return for his guilty plea, the government dismissed Counts II, III, and IV.

The probation officer calculated Florentino's base offense level at nine pursuant to § 2L1.1 of the Guidelines, titled *Smuggling, Transporting, or Harboring an Unlawful Alien.* U.S.S.G. § 2L1.1. That section permits the adjustment of the base offense level upon a finding of the following specific offense characteristics:

(1) If the defendant committed the offense other than for profit and without knowledge that the alien was excludable under 8 U.S.C. § 1182(a)(27), (28), (29), decrease by three levels. (2) If the defendant previously has been convicted of smuggling, transporting, or harboring an unlawful alien, or a related offense, increase by two levels. (3) If the defendant is an unlawful alien who has been

William L. Lutz, U.S. Atty., and Charles L. Barth, Asst. U.S. Atty., Las Cruces, N.M., for plaintiff-appellee.

Richard C. Cauble, Las Cruces, N.M., for defendant-appellant.

Before HOLLOWAY, Chief Judge, MOORE, Circuit Judge, and BROWN, District Judge *.

HOLLOWAY, Chief Judge.

Defendant-appellant, Angel Florentino (hereinafter Florentino), challenges the sentence imposed upon him after his plea of guilty to a single count of transporting illegal aliens and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(B) and 18 U.S.C. § 2.[1] Florentino contends that the district court erred in double counting his prior convictions when it calculated his of-

---

* Honorable Wesley E. Brown, Senior United States District Judge.

1. The district court entered judgment on January 29, 1990. The defendant-appellant filed a timely notice of appeal on January 30, 1990 pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure.

deported (voluntarily or involuntarily) on one or more occasions prior to the instant offense, and the offense level determined above is less than level 8, increase to level 8.[2]

The Presentence Report indicated that Florentino had two prior convictions for illegally transporting aliens, which increased his offense level by two points from nine to eleven under § 2L1.1(b)(2). This level was then decreased by two points to a total offense level of nine because Florentino accepted responsibility for his crime. U.S.S.G. § 3E1.1.

Florentino's criminal history category was determined to be IV based on: (1) two prior felony convictions, and (2) the fact that he had committed the offense while on probation. Appellant's Brief at vii (citing Presentence Report at 6.) An offense level of nine at criminal history category IV subjected Florentino to a guideline range of twelve to eighteen months' imprisonment. *See* I R., doc. 18, at 2. The district judge determined that there was no need to hold an evidentiary hearing because there were no disputed facts. He sentenced Florentino to the maximum imprisonment term of eighteen months, plus two years of conditional supervised release, and a fifty dollar penalty assessment. II R. at 9–10.

### I.

18 U.S.C. § 3742(e) sets forth the standard for review of sentences imposed under the Guidelines. It provides:

Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and

(B) the reasons for imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

Thus, while we review the factual findings of a district court under the clearly erroneous standard, and while we give due deference to the district court's application of the guidelines to the facts, when that application involves contested issues of law, we review *de novo. United States v. Rutter,* 897 F.2d 1558, 1560 (10th Cir.1990); *United States v. Smith,* 888 F.2d 720, 723 (10th Cir.1990). *See also United States v. Roberts,* 898 F.2d 1465, 1469 (10th Cir.1990) (when "the issue ... turns primarily on the legal interpretation of a guideline term, [or on] which of several offense conduct guidelines most appropriately apply to the facts as found, ... the standard moves closer to *de novo* review.") (quoting *United States v. Daughtrey,* 874 F.2d 213, 217 (4th Cir.1989)). Here Florentino does not challenge the factual findings of the district court. He contends only that the trial judge misapplied § 2L1.1 because his sentence was based on impermissible multiple-counting of his prior convictions. *United States v. Reid,* 911 F.2d 1456, 1461 (10th Cir.1990). *See also United States v. Reyes–Ruiz,* 868 F.2d 698, 701 (5th Cir. 1989) (whether prior conviction falls within scope of § 2L1.1(b)(2) is question of law reviewed *de novo* ).

Our research indicates that we have not yet addressed the sentence enhancement provision of § 2L1.1(b)(2).

---

**2.** The defendant was sentenced January 11, 1990, under the guidelines as they existed prior to the amendments which became effective No-

vember, 1 1990. *See* United States Sentencing Commission, *Guidelines Manual,* Appendix C at C.184–85.

## II.

Congress adopted the Guidelines "to enhance the ability of the criminal justice system to reduce crime through an effective, fair sentencing system." U.S.S.G. *Manual*, Ch. 1, Pt. A, intro. comment., at 1.2 (1989). Congress sought to achieve this goal by promoting three fundamental sentencing principles: honesty, uniformity and proportionality. *Id.* Accordingly, the Sentencing Commission has expressed a strong presumption in favor of using the Guidelines to advance those principles. *See Id.* at 1.5. *See also* 18 U.S.C. § 3553(b) (imposition of sentence should be within guideline range unless appropriate mitigating or aggravating circumstances exist).

■ We have noted that because of the sentencing goals of uniformity and proportionality, judges should depart from the Guidelines range "only when necessary." *United States v. Jackson,* 921 F.2d 985, 989 (10th Cir.1990) (en banc). *See United States v. Aquilar–Pena,* 887 F.2d 347, 349 (1st Cir.1989). Furthermore, the Guidelines should be interpreted as if they were a statute or court rule; therefore we follow the clear, unambiguous language of the guidelines unless there is a manifestation of contrary intent. *United States v. Goldbaum,* 879 F.2d 811, 813 (10th Cir. 1990).

### A.

■ We believe the language of § 2L1.1 is clear and unambiguous and reflects the Sentencing Commission's intention to have prior convictions for transporting illegal aliens count towards increasing *both* a defendant's offense level and criminal history category. Application of Note 4 to the Section clearly states that "[t]he adjustment under § 2L1.1(b)(2) for a previous conviction is *in addition* to any points added to the criminal history score for such conviction in Chapter Four, Part A (Criminal History)." U.S.S.G. § 2L1.1(b)(2) comment (n. 4) (emphasis added). In addition, the *Background* to § 2L1.1 emphasizes that crimes for which sentences are discussed in this section are especially serious and advocates sentence enhancement for

prior convictions. It states in relevant part:

> This section includes the most serious immigration offenses covered under the Immigration Reform and Control Act of 1986.... A second specific offense characteristic provides an enhancement if the defendant was previously convicted of a similar offense. *See* U.S.S.G. § 2L1.1, comment (backg'd).

Further evidence of the seriousness with which the Sentencing Commission views these offenses is found at § 3D1.2. This section of the Guidelines provides for the grouping of certain types of offenses and some amelioration in sentencing for them. "In essence, counts that are grouped together are treated as constituting a single offense for purposes of the guidelines." Part D–Multiple Counts, *Introductory Commentary.* Offenses such as transporting unlawful aliens covered by § 2L1.1 are classified with offenses which are specifically *excluded* from the grouping process.

We conclude that the sentencing judge properly applied the express terms of § 2L1.1(b)(2) when he increased Florentino's offense level by two points because of his two prior convictions for transporting illegal aliens. The judge also acted correctly when he followed the express language of Note 4, § 2L1.1(b)(2) in considering the same convictions again for sentence enhancement purposes by adding five points to Florentino's criminal history category. U.S.S.G. § 2L1.1(b)(2), comment. (n. 4). *See also United States v. Martinez–Perez,* 916 F.2d 1020, 1025 (5th Cir.1990) (prior convictions for transporting aliens increase *both* offense level and criminal history category). Another two points were added because he committed the instant offense while on parole, but these are not contested by Florentino. *Id.* at § 4A1.1(d). *See* Brief for Appellee at 5.

### B.

Florentino contends that the Supreme Court rejects double or multiple counting or the imposition of multiple punishments

for one offense, absent a clear expression of legislative intent to the contrary. *See Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980); *Simpson v. United States*, 435 U.S. 6, 12–13, 98 S.Ct. 909, 913, 55 L.Ed.2d 70 (1978); *United States v. Werlinger*, 894 F.2d 1015, 1017 (8th Cir.1990). He further argues that the Sentencing Commission has also sought to avoid double counting in certain contexts. *See e.g.*, U.S.S.G. § 3C1.1, comment. (n. 4) (obstruction of justice enhancement not applicable to offenses such as contempt and bribery of witness); *id.* § 3D1.2, comment. (n. 5) (combined offense level for "Groups of Closely Related Counts" prevents double counting).

■ Although these general propositions have support, Florentino's position is not persuasive to us. As we noted earlier, the guidelines are to be construed as if they were statutes or court rules and, in the absence of any contrary intent, we must apply their clear and unambiguous terms. We believe the Sentencing Commission has amply expressed its intention to count prior convictions for alien transportation as the district judge did here. Indeed, *both* the general application principles of the guidelines as well as the specific language at § 2L1.1 directed the judge to count Florentino's prior convictions twice: first, in computing the offense level and, second, in determining the criminal history category. U.S.S.G. § 1B1.1(b), (f); § 2L1.1, comment. (n. 4). *See also United States v. Goldbaum* 879 F.2d 811 (10th Cir.1989) (criminal history category determined independent of the offense conduct level); *United States v. Rivera*, 879 F.2d 1247, 1253 (5th Cir. 1989) (offense level increased by two points under § 2L1.1(b)(2) for prior conviction of smuggling aliens).

### C.

■ Florentino also argues that § 2L1.1(b)(2)'s sentence enhancement provision is arbitrary and unfair because it applies only to prior convictions for alien transportation. Brief for Appellant at 2. We disagree.

In *United States v. Thomas*, 884 F.2d 540, 543 (10th Cir.1989), we noted Congress' power to control judicial sentencing discretion; this includes "the power to specify the factors that a court may consider in setting a sentence." *United States v. Sorensen*, 915 F.2d 599, 602 (10th Cir.1990) (quoting *United States v. La Guardia*, 902 F.2d 1010, 1015 (1st Cir.1990)). Congress delegated this "factor-specifying" power to the Sentencing Commission which reviewed over 40,000 cases and carefully scrutinized 10,000 of them before formulating sentencing standards in the Guidelines. *Id.;* U.S. S.G. Ch. 1, Pt. A, intro. comment., at 1.10. *See Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989).

As a result of this comprehensive review, the Sentencing Commission determined that alien transportation offenses are especially serious. U.S.S.G. § 2L1.1, comment (backg'd). The Sentencing Commission is free to decide the extent to which prior convictions for such offenses constitute a specific aggravating factor that warrants an increase to § 2L1.1's base offense level.

Whether this specific aggravating factor or the degree of enhancement it triggers is wise is not for us to decide. *See United States v. La Guardia*, 902 F.2d 1010, 1015 (1st Cir.1990). In any event, we hold that § 2L1.1's cumulative sentence enhancement provision—the use of prior convictions for a mandatory two point increase in offense level in § 2L1.1(b)(2) and the counting of those convictions again in computing Florentino's criminal history category—is not arbitrary and, therefore, is constitutional. In fact, § 2L1.1(b)(2) reduces the likelihood of arbitrariness by imposing a uniform methodology for calculating sentences for the transportation of aliens.

### D.

■ Florentino further argues that the trial court was not bound to follow the double counting provision of § 2L1.1 and should have adjusted his criminal history category downward or declined to make the upward adjustment in offense level based upon the same prior offenses. He claims

**1448**

essentially that the court erred in not departing downward from the guidelines.

In *United States v. Goldbaum,* we rejected a double counting claim and affirmed a district court's sentence for the underlying offense of escape. The base offense level for escape was 13. Moreover, the judge counted the offense a second time under § 4A1.1(d) and (e) of the Guidelines by adding three points to the defendant's criminal history category because the offense was committed while he was imprisoned. 879 F.2d 811, 812. *See* 18 U.S.C. § 751(a); U.S.S.G. § 4A1.1(d), (e). Our affirmance in *Goldbaum* was based in large part on the express language of the guidelines. 879 F.2d 811, 813–14; *see* 18 U.S.C. § 751(a); U.S.S.G. § 4A1.1(d), (e). We noted that under traditional rules of statutory interpretation, courts should presume that Congress intended to exclude other exceptions to the general application principles, not expressly stated in the guidelines. 879 F.2d 811, 813. *See United States v. Smith,* 888 F.2d 720, 723 (10th Cir.1989) *cert. denied,* — U.S. ——, 110 S.Ct. 1786, 108 L.Ed.2d 788 (1990).

Florentino does not have a right to a departure from § 2L1.1's mandatory enhancement language unless specifically mandated by statute. *See United States v. La Guardia,* 902 F.2d 1010, 1015 (1st Cir. 1990). Because there is no express exception to § 2L1.1(b)(2)'s enhancement provision, the judge did not commit a legal error in refusing to depart from the guidelines by increasing both Florentino's offense level and criminal history category. Furthermore, even assuming *arguendo* that the sentencing judge had discretion to depart from the § 2L1.1's enhancement provision, we have held that such discretionary refusals are not appealable when the sentence is within the guideline range, as in the instant case. *E.g., United States v. Adams,* 914 F.2d 1404, 1409 (10th Cir.1990). *See also United States v. Soto,* 918 F.2d 882 (10th Cir.1990) (18 U.S.C. § 3742 does not grant appellate jurisdiction over a district court's discretionary refusal to depart downward from the guidelines). And, Florentino's final contention that the sentencing judge improperly counted his prior convictions a

third time when he elected to sentence him at the top of the guideline range is not persuasive. The judge did what the Guidelines permitted by choosing the sentence from within the permissible bounds. *See United States v. Garcia,* 919 F.2d 1478 (10th Cir.1990).

AFFIRMED.