**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 25, 2007**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARLOS CEJA-MARTINEZ,

    Defendant-Appellant.

No. 06-3339
(D.Ct. No. 06-CM-60058-WEB)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior
Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is

therefore ordered submitted without oral argument.

    Defendant Carlos Ceja-Martinez appeals his sentence following revocation

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of his supervised release on grounds the district court unreasonably imposed his sentence consecutively to, rather than concurrently with, his sentence for illegal reentry after deportation. Mr. Ceja-Martinez raises three issues in support of a concurrent sentence, arguing the district court: 1) failed to make necessary findings pursuant to 18 U.S.C. § 3553(a); 2) prevented counsel from making a full argument on one of the § 3553(a) factors; and 3) improperly relied on United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") § 7B1.3(f), which mandates a consecutive sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and affirm the imposition of consecutive sentences by the district court in sentencing Mr. Ceja-Martinez.

## I. Procedural Background

Mr. Ceja-Martinez pled guilty to one count of illegal reentry after deportation for an aggravated felony. At the time Mr. Ceja-Martinez committed this offense, he was serving a term of supervised release for the aggravated felony conviction. After he committed the offense of illegal reentry, the government filed a petition to revoke his supervised release, over which the same district court took jurisdiction.[1] On September 11, 2006, the district court held a hearing

---

[1] After Mr. Ceja-Martinez was charged in the United States District Court for the District of Kansas for illegal reentry, jurisdiction over his supervised release was transferred from the United States District Court for the Western District of Texas to the same Kansas court.

on both the illegal reentry sentence and the supervised release violation and sentence.  At that time, Mr. Ceja-Martinez admitted violating the conditions of his supervised release, but argued his sentence should run concurrently with his sentence for illegal reentry because the violation conduct was taken into account in determining the Guidelines range of seventy-seven to ninety-six months imprisonment for his illegal reentry sentence.[2]  Based on Mr. Ceja-Martinez's violation of the conditions of his supervised release, the district court revoked Mr. Ceja-Martinez's supervised release.

In resentencing Mr. Ceja-Martinez the district court provided an explanation for the calculation and length of the sentence imposed, through verbal statements at the hearing and a formal written memorandum and order.  It explained the policy statements in Chapter Seven of the Guidelines, including § 7B1.3(f), recommended a custodial sentence of eighteen to twenty-four months, with such sentence to run consecutively to any term of imprisonment imposed for his illegal reentry case.  The district court recognized the recommendation was advisory and noted it retained discretion to run the sentences either concurrently or consecutively.  After considering the sentencing factors in 18 U.S.C. § 3553(a),

---

[2] The record establishes Mr. Ceja-Martinez did not object to the presentence report which calculated the advisory Guidelines ranges for his sentences.  On appeal, neither party furnished the presentence report for our review.

the district court announced its intention to sentence Mr. Ceja-Martinez to eighteen months imprisonment, to run consecutively to his illegal reentry sentence, stating it was an appropriate sentence based on its consideration of the nature of the violation; Mr. Ceja-Martinez's characteristics, including his significant prior history of violating conditions of probation;[3] and the sentencing objectives required by statute, including the need to deter Mr. Ceja-Martinez and others from future criminal conduct.

In response, Mr. Ceja-Martinez's counsel argued the prior aggravated conviction was his only felony and a concurrent sentence was more appropriate, given his prior felony conviction was used to: 1) increase his offense level sixteen levels for his illegal reentry sentence; 2) add two criminal history points to his illegal reentry sentence; and 3) raise his criminal history score to V for the revocation sentence and VI for the illegal reentry sentence. His counsel added that while Mr. Ceja-Martinez was not "an angel," he deserved a concurrent sentence given his only felony conviction resulted in a lengthy seventy-seven- to ninety-six-month sentence, taking him outside the heartland of similar cases. Counsel further noted Mr. Ceja-Martinez was a productive member of the community with unique family circumstances, which arguably also took him

---

[3] The record indicates Mr. Ceja-Martinez had six separate revocations of his supervised release on two DUI convictions.

-4-

outside the heartland of similar cases.

In response, the district court reiterated Mr. Ceja-Martinez had numerous prior revocations and further noted the fact his family would suffer from his incarceration or that he was a productive member of the community did not take him outside the heartland of cases. At the conclusion of arguments concerning the revocation sentence, the district court asked, "Anything else?" to which Mr. Ceja-Martinez's counsel stated, "No, Your Honor." R., Vol. 2 at 16. The district court then sentenced Mr. Ceja-Martinez to eighteen months incarceration, to run consecutively to his sentence for the illegal reentry offense.

The district court next sentenced Mr. Ceja-Martinez for his illegal reentry, noting it had considered the factors in 18 U.S.C. § 3553(a), the advisory Guidelines, and the presentence report findings, and determined a sentence at the low end of the advisory Guidelines range of seventy-seven months imprisonment would serve the purposes of sentencing set forth in § 3553(a). In imposing both of Mr. Ceja-Martinez's sentences, the district court noted the consecutive sentences would result in ninety-five months imprisonment, which is within the advisory Guidelines range of seventy-seven to ninety-six months for the illegal reentry offense.

## II. Discussion

On appeal, Mr. Ceja-Martinez contends the district court unreasonably failed to sentence him for his revocation of supervised release concurrently with his sentence for illegal reentry after deportation, resulting in an unreasonable sentence. In imposing a consecutive sentence, he suggests, the district court failed to make necessary findings pursuant to 18 U.S.C. § 3553(a) regarding his unusual situation of having only one prior felony which increased his criminal history score to V for the revocation sentence and VI for the illegal reentry sentence, which, he points out, are "extremely high criminal history categories." Due to the district court's interruptions during his counsel's argument, Mr. Ceja-Martinez also suggests his counsel was unable to fully explain why his prior felony placed him outside the heartland of typical cases, justifying a concurrent sentence. Finally, Mr. Ceja-Martinez argues the district court improperly relied on U.S.S.G. § 7B1.3(f), which, by the use of the word "shall," *mandates* a consecutive sentence on revocation of supervised release with another criminal sentence. Instead, he suggests, the district court should have relied on the "weaker language" in Application Note Four to § 7B1.3, which *recommends* imposition of consecutive sentences.[4]

_____

[4] Mr. Ceja-Martinez also summarily claims § 7B1.3(f) does not apply because the sentence on revocation of supervised release was imposed first, before the imposition of his sentence on illegal reentry. However, because both sentences were imposed at the same hearing, we find it immaterial which was

(continued...)

Under 18 U.S.C. § 3583(e)(2) and (3), when a person violates the conditions of supervised release, the district court may modify the conditions of release or revoke the term of supervised release and impose prison time. *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004). In imposing a sentence following revocation of supervised release, the district court is required to consider both the Chapter Seven policy statements as well as the factors provided in 18 U.S.C. § 3553(a).[5] *United States v. Cordova*, 461 F.3d 1184, 1188 (10th Cir. 2006). These factors include:

> The nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the

---

[4] (...continued)
imposed before the other.

[5] 18 U.S.C. § 3553(a) provides, in part, that the court shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available; ...
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*Id.* at 1188-89 (quoting *Contreras-Martinez*, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005)). We have said, "[t]he sentencing court, however, is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Id.* at 1189 (quotation marks and citations omitted).

Generally, when the district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable," unless the defendant "rebut[s] this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006). Even in instances where a sentence is imposed in excess of that recommended by Chapter Seven of the Guidelines policy statements, it will be upheld "if it can be determined from the record to have been reasoned and reasonable." *United States v. Rodriguez-Quintanilla*, 442 F.3d 1254, 1258 (10th Cir. 2006) (quotation marks and citation omitted). However, regarding the imposition of a consecutive sentence, we have said, "it is unclear post-*Booker*

whether such decisions should be reviewed for reasonableness or for an abuse of discretion." *Cordova*, 461 F.3d at 1188.

We begin by noting Mr. Ceja-Martinez does not contest the length of either sentence, both of which are at the low end of the applicable advisory Guidelines ranges, and are thereby presumptively reasonable. Instead, his argument is premised solely on whether the district court improperly ordered his revocation sentence to run consecutively to his other sentence. While an incongruence may exist regarding the standard of review in consecutive sentencing, it is plain in this case that under either standard applied no abuse of discretion occurred and Mr. Ceja-Martinez's consecutive revocation sentence is both procedurally and substantively reasonable. *See Cordova*, 461 F.3d at 1188.

First, Mr. Ceja-Martinez asserts the district court's "interruptions" prevented him from fully presenting his argument regarding whether his prior felony unreasonably took his sentence outside the heartland of similar cases. However, he has not explained on appeal what further arguments he would have made at the sentencing hearing if not interrupted. To the contrary, the record discloses Mr. Ceja-Martinez raised the same points in support of his argument before the district court that he now contends in his appeal brief he was unable to raise. Moreover, even if counsel felt the need to elaborate further on the issue

with additional points, another opportunity presented itself when the court, prior to imposing the revocation sentence, asked, "Anything else?" to which Mr. Ceja-Martinez's counsel stated, "No, Your Honor." R., Vol. 2 at 16.

Similarly, we reject Mr. Ceja-Martinez's argument the district court improperly applied U.S.S.G. § 7B1.3(f) in a mandatory fashion.[6] Instead, it is clear the district court recognized that the Guidelines are merely recommendations, as evidenced by its explicit comments: 1) it was relying on the policy statements in Chapter Seven of the Guidelines, including § 7B1.3(f), which "recommended" a consecutive sentence; 2) such a recommendation was "advisory"; and 3) it retained discretion to run the sentences either concurrently or consecutively. R., Vol. 1, Doc. 3 at 2; Vol. 2 at 4.

Finally, the district court did not fail to make necessary findings pursuant to 18 U.S.C. § 3553(a) regarding Mr. Ceja-Martinez's argument he deserved a concurrent sentence because his prior aggravated felony increased his offense level for his illegal reentry sentence and his criminal history scores, resulting in a

---

[6] While Mr. Ceja-Martinez's counsel claims on appeal that § 7B1.3(f) mandatorily requires a consecutive sentence, at the sentencing hearing counsel acknowledged the Guidelines are advisory and the district court had "considerable discretion" in determining whether to impose a consecutive or concurrent sentence. R., Vol. 2 at 4.

score of V for the revocation sentence and VI for the illegal reentry sentence.[7]

This criminal history argument was presented to the district court at sentencing, and the district court clearly rejected it when it imposed an eighteen-month sentence to run consecutively to his illegal reentry sentence. In imposing the sentence, the district court explained it was an appropriate sentence based on its consideration of the nature of the violation; Mr. Ceja-Martinez's characteristics, including his significant prior history of violating conditions of probation; and the sentencing objectives required by statute, including the need to deter Mr. Ceja-Martinez and others from future criminal conduct. A review of the sentencing hearing transcript reveals Mr. Ceja-Martinez's "one felony" argument did not dissuade the district court from its assessment, and the effect of that prior felony offense in calculating both sentences was but one of the factors the district court considered, to which it was not required to give more weight than any other factor. Thus, Mr. Ceja-Martinez has not demonstrated his single aggravated felony offense, when viewed in light of the other § 3553(a) factors, including his

---

[7] Essentially, Mr. Ceja-Martinez is raising an argument against "double counting" in using his prior felony conviction to calculate both his criminal history category and offense level. However, we have generally upheld the use of prior convictions to calculate both criminal history categories and sentence enhancements where the Guidelines permit such application. *See United States v. Alessandroni*, 982 F.2d 419, 423 (10th Cir. 1992); *United States v. Florentino*, 922 F.2d 1443, 1447-48 (10th Cir. 1990). In this case, absent the presentence report, which was not provided on appeal, Mr. Ceja-Martinez has not directed us to any Guidelines used or misapplied in such a calculation nor otherwise persuaded us to question our clear and long-held precedent.

criminal history of repeatedly violating the conditions of his probation, is sufficiently compelling for the purpose of making his sentence unreasonable.

## III. Conclusion

For these reasons, we **AFFIRM** the imposition of consecutive sentences by the district court in sentencing Mr. Ceja-Martinez.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge