**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 29, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RUBEN AYALA-ROMERO,

Defendant-Appellant.

No. 06-3374

District of Kansas

(D.C. No. 06-CR-20089-001-KHV)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Defendant Ruben Ayala-Romero, a Mexican citizen, has a lengthy criminal history in the United States. His troubles began in Oregon in 2001, when he was convicted of two felony drug charges and sentenced to fourteen months imprisonment. After serving this sentence, he was deported to Mexico on Sept. 6, 2002. He was deported a second time on April 4, 2006, after serving a twenty

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10ᵗʰ Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10ᵗʰ Cir. R. 32.1.

month sentence for three counts of felony drug charges. Less than three weeks after this deportation, Mr. Ayala-Romero illegally entered the United States again. He was apprehended on May 20, 2006, and charged "with illegal reentry by a deported alien after being previously convicted of a felony," in violation of 8 U.S.C. § 1326(a) and (b)(2). Mr. Ayala-Romero pleaded guilty to the charge and was sentenced to fifty-seven months imprisonment. He now appeals this sentence. We exercise jurisdiction under 28 U.S.C. § 1291.

We review post-*Booker* sentences for reasonableness. *United States v. Kristl*, 437 F.3d 1050, 1054–55 (10th Cir. 2006). "Reasonableness includes both procedural and substantive components." *United States v. Cage*, 451 F.3d 585, 591 (10th Cir. 2006). We review both components—the procedure used to calculate the length of the sentence, as well as the substantive reasonableness of the sentence, in light of the sentencing factors articulated in 18 U.S.C. § 3553(a). *Kristl*, 437 F. 3d at 1055. "[W]e review factual findings for clear error and legal determinations *de novo*." *Id.* at 1054.

## A. Procedural Reasonableness

Mr. Ayala-Romero argues that his sentence was procedurally unreasonable. "In setting a procedurally reasonable sentence, a district court must calculate the proper advisory Guidelines range and apply the factors set forth in § 3553(a)." *United States v. Atencio*, 476 F.3d 1099, 1102 (10th Cir. 2007). He first argues "that the multiplicity of ways in which his prior record was used makes the

resulting sentence unreasonable despite the authorization of the computational methodology by the Sentencing Guidelines." Appellant Br. at 7. He specifically objects to the district court's use of his record to determine a sentence enhancement and then again as criminal history to calculate his offense level. *Id.* However, where the Guidelines permit, this Court has consistently held that a defendant's prior record may be used in determining both sentence enhancements and criminal history category. *See United States v. Alessandroni*, 982 F.2d 419, 421 (10th Cir. 1992); *United States v. Florentino*, 922 F.2d 1443, 1446 (10th Cir. 1990). The district court sentenced Mr. Ayala-Romero under § 2L1.2 of the Sentencing Guidelines. R. Vol. IV, at 4-5. Application note 6 to § 2L1.2 states that "a conviction taken into account under" the sentencing enhancement subsection "is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History)." U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.6 (2005). The district court correctly followed the application note and thus did not err in counting Mr. Ayala-Romero's prior criminal record in determining his criminal history category and the sentence enhancement.

Mr. Ayala-Romero also claims that "the district court accorded undue weight to a presumption of reasonableness and too little to the balance of the sentencing factors under 18 U.S.C. § 3553(a)." Appellant's Br. 9. At the

sentencing hearing, the district court articulated its reasoning in determining Mr.

Ayala-Romero's sentence:

> I think a sentence of 57 months would be just and reasonable and be sufficient but not more than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment.
>
> And also I'm giving substantial weight to the Sentencing Guidelines here. I know the defendant disagrees. . . . but they are what they are and I know that they do serve in proposing uniformity and weighing the basic nature of the offense as well as aggravating and mitigating factors in a particular situation.

R. Vol. II, Doc. 21, at 20–21. Though the district court did give "substantial weight" to the Sentencing Guidelines, the judge explicitly stated that he analyzed the guidelines in light of the § 3553(a) factors. His statement is substantiated by the reasons articulated when he gave a downward variance. The district judge sentenced below the guideline range because of "the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)" and "to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))." R. Vol. V, at 3. After considering both the Guidelines and the factors set forth in § 3553(a), the district court concluded that 57 months was the proper sentence. We have reviewed the record and find no evidence that sentencing was procedurally unreasonable.

## B. Substantive Reasonableness

Mr. Ayala-Romero also argues that his sentence is substantively unreasonable because 1) the district court did not take into account the disparity

in sentencing caused by Kansas's lack of a fast-track program, and (again) 2) the district court gave too much weight to the Sentencing Guidelines. "A substantively reasonable sentence ultimately reflects the gravity of the crime and the § 3553(a) factors as applied to the case." *Atencio*, 476 F.3d at 1102. We have reviewed the record and conclude that the sentence reflects both the gravity of the crime and the § 3553(a) factors.

In *United States v. Martinez-Trujillo*, 468 F.3d 1266 (10th Cir. 2006), this Court rejected the argument that the sentencing disparity caused by regional fast-track sentencing programs violated 18 U.S.C. § 3553. *Id.* at 1268 ("We cannot say that a disparity is 'unwarranted' within the meaning of § 3553(a)(6) when the disparity was specifically authorized by Congress in the PROTECT Act."). Mr. Ayala-Romero provides no persuasive arguments to change our recent precedent.

Mr. Ayala-Romero also asserts that the sentence is substantively unreasonable because the district court gave too much weight to the Sentencing Guidelines. For the same reasons discussed above, we find that the district court properly considered both the Sentencing Guidelines and the § 3553(a) factors.

As an appellate court, we do not review sentences de novo, but only for "unreasonableness," *United States v. Booker*, 543 U.S. 220, 261 (2005), which the Supreme Court has equated with "abuse of discretion." *Rita v. United States*, 127 S. Ct. 2456, 2470-71 (2007). Mr. Ayala-Romero provides no reason to think that

the district court's sentence was an abuse of discretion, or unreasonable in light of the statutory sentencing factors.

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge