FILED
United States Court of Appeals
Tenth Circuit

January 27, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

IVAN SOTO-ZUNIGA,

Defendant-Appellant.

No. 08-2068

District of New Mexico

(D.C. No. 2:07-CR-01181-LH-1)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

On July 26, 2007, Ivan Soto-Zuniga pled guilty to violating 8 U.S.C. §

1326(a)(1) & (2) and 1326(b)(2), Re-entry of a Removed Alien Previously

Convicted of an Aggravated Felony. The presentence report (PSR) found that Mr.

Soto-Zuniga had an adjusted offense level of 21 and a criminal history category

of III, yielding a recommended sentence of 46 to 57 months. He was sentenced to

46 months.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Soto-Zuniga timely appealed his sentence. His counsel, Arturo B. Nieto, filed an *Anders* brief and moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738 (1967). The government declined to submit a brief, and Mr. Soto-Zuniga did not file a brief or other pleadings. Therefore, our resolution of this case relies on his counsel's *Anders* brief and our own independent review of the record. Because we discern no non-frivolous issues on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

In his objection to the PSR, Mr. Soto-Zuniga raised three major issues. First, he argued that there was "no documentation" to support the allegation that he had been convicted of a prior drug trafficking offense. When the documentation was provided, however, this objection was withdrawn. Appellant's Br. 8. Second, he said that the government was in effect "double counting" his trafficking conviction by using it for his sixteen level enhancement and by assessing criminal history points for the same conviction. Third, Mr. Soto-Zuniga asserted that a criminal history category of III over-represented his criminal history, and that a category of II would more accurately reflect his history. Because the first objection was withdrawn by Mr. Soto-Zuniga, we consider here only the latter two issues.

But we must first make a point about the standard of review in this case. Counsel for Mr. Soto-Zuniga asserts in his brief that the relevant standard of review should be "plain error." Appellee's Br. 9. We disagree. The plain error

standard applies to legal objections that were not properly raised below and are raised for the first time only on appeal. *See, e.g.*, *United States v. Ciapponi*, 77 F.3d 1247, 1252 (10th Cir. 1996). But in this case, the issues noted in the prior paragraph *were* raised before the district court in Mr. Soto-Zuniga's objection to the PSR. Accordingly, the relevant standard of review is de novo for legal questions regarding the application of the guidelines, and we review the court's factual conclusions to see if they are "clearly erroneous." *United States v. Wiseman,* 172 F.3d 1196, 1217-18 (10th Cir. 1999).

In any event, we agree with counsel for Mr. Soto-Zuniga that no non-frivolous issues are raised here. The supposed problem of "double counting"—using a conviction both in computing the offense level and in determining the criminal history category—has been addressed by this court before. Indeed, we have "consistently held that a defendant's prior record may be used in determining both sentence enhancements and criminal history category." *United States v. Ayala-Romero*, 239 Fed. App'x 457, 459 (10th Cir. 2007); *see also United States v. Alessandroni*, 982 F.2d 419, 421 (10th Cir.1992); *United States v. Florentino*, 922 F.2d 1443, 1446 (10th Cir.1990). The district court did nothing wrong in using the same conviction in separate steps of its sentencing calculation.

Mr. Soto-Zuniga also maintained that his criminal history was over-represented because his two 1997 convictions "followed closely on the heels of

one another" and the court that convicted him in Arizona "treated [them] effectively, in terms of punishment, as the same or at least not sufficiently grave to justify separate sentences." Sentencing Transcript, R. Vol. III, 4. The district court resisted the suggestion that these factors should put Mr. Soto-Zuniga into a lower criminal history category, saying "the idea that an Arizona judge sentenced him concurrently on two consecutive convictions does not give rise to the conclusion that there was only one crime. There were two crimes. He was convicted twice. He was sentenced to serve two sentences for those two crimes concurrently." *Id*. at 5. We do not think, consistent with the district court judge's reasoning at sentencing, that Mr. Soto-Zuniga's criminal history was "substantially over-represent[ed]," necessitating a downward sentencing departure. *See* U.S.S.G. § 4A1.3(b)(1).[1]

Finding no non-frivolous arguments on appeal, we grant counsel's motion to withdraw and dismiss the appeal. The judgment of the United States District Court for the District of New Mexico is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge

---

[1]Mr. Soto-Zuniga also briefly suggested that a sentence of "twelve months and one day" would be sufficient to adequately deter him from future crimes. R. Vol. I, 8. The district court did not err in finding this unpersuasive.