FILED
United States Court of Appeals
Tenth Circuit

**June 5, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CESAR ARMANDO ORTIZ-LICANO,

Defendant - Appellant.

No. 08-2160

(D. New Mexico)

(D.C. No. 2:07-CR-01762-LH-1)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Cesar Armando Ortiz-Licano was apprehended by a border patrol agent at a

gas station/rest area in southern New Mexico. He admitted he was a citizen of

Mexico illegally present in the United States. Prior to this offense, Ortiz-Licano

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

had a previous conviction in Arizona state court for Possession of Dangerous Drugs for Sale. After that conviction, he was deported.

Ortiz-Licano pleaded guilty to Re-entry of a Deported Alien Previously Convicted of an Aggravated Felony in violation of 8 U.S.C. § 1326(a)-(b). The presentence report ("PSR") indicated Ortiz-Licano had two other drug-related convictions and eleven other arrests and had been deported four times. The PSR calculated his advisory Guidelines range by starting with a base offense level of 8 pursuant to U.S.S.G. § 2L1.2(a), applying a 12-level increase for having been deported following a drug trafficking offense pursuant to § 2L1.2(b)(1)(B), and applying a 3-level decrease for acceptance of responsibility for a total offense level of 17. The PSR calculated his criminal history category by assigning him 2 points each under § 4A1.1(b) for two of his drug convictions, one of which was also the predicate drug trafficking offense used to increase his offense level. He had a total of 4 criminal history points, so his criminal history category was III, giving him an advisory Guidelines range of 30-37 months' imprisonment.

Prior to sentencing, Ortiz-Licano argued for a downward departure on the grounds that the same conviction was "double-counted" to increase his offense level and his criminal history category. He contended this resulted in over-representation of his criminal history. He also requested a sentence below the Guidelines range based on the 18 U.S.C. § 3553(a) factors. At sentencing, the district court adopted the relevant findings in the PSR, rejected Ortiz-Licano's

request for a downward departure, and sentenced him to 30 months' imprisonment, the bottom of the Guidelines range. Ortiz-Licano did not object to the sentence after it was imposed, but filed a notice of appeal. His counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1968), alleging he could find no meritorious basis for appeal and simultaneously moving to withdraw as counsel. Counsel also indicated Ortiz-Licano believes the sentence imposed is unfair and too long for his conviction.

Under *Anders*, this court must conduct an independent review of the record to determine whether there is a meritorious basis for appeal. 386 U.S. at 744. After comprehensively reviewing the record, this court is satisfied there are no meritorious issues to appeal. The district court did not err in refusing Ortiz-Licano's request for a downward departure. The commentary to the Guidelines and Circuit precedent make clear that the same crime can be both the predicate felony for the § 2L1.2(b) offense level enhancement and one of the crimes considered when computing the criminal history category. U.S.S.G. § 2L1.2 cmt. n.6; *United States v. Florentino*, 922 F.2d 1443, 1446 (10th Cir. 1990). The district court, noting Ortiz-Licano's long string of arrests, concluded the criminal history category accurately reflected his level of prior criminal conduct. Nor is there any basis in the record to conclude the district court's sentence was unreasonable. The advisory Guidelines range was accurately computed and the district court considered the § 3553(a) factors prior to imposing sentence. It

decided to impose a within-Guidelines sentence after noting Ortiz-Licano's prior criminal behavior and his history of repeated illegal entry into the United States. This decision, supported by facts present in the PSR, was not an abuse of discretion.

Because after an independent review of the record this court has not identified any meritorious basis for appeal, the appeal is **dismissed** and counsel's motion to withdraw is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge