FILED
United States Court of Appeals
Tenth Circuit

**March 29, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LUIS CARLOS JAVALERA,

    Defendant-Appellant.

No. 10-6204
(D.Ct. No. 5:10-CR-00132-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

Appellant Luis Carlos Javalera pled guilty to one count of illegal re-entry

of a deported alien in violation of 8 U.S.C. § 1326(a), after which the district

_____

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

court sentenced him to fifty-one months incarceration – at the top of the advisory United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range. Mr. Javalera now appeals his sentence, arguing it is substantively unreasonable under the 18 U.S.C. § 3553(a) sentencing factors because it is excessive and greater than necessary to protect the public from future crimes and is based on an unfairly harsh Guidelines structure which places undue emphasis on a defendant's prior criminal record. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Javalera's sentence.

## I. Factual and Procedural Background

On February 23, 2010, Oklahoma City police officers arrested Mr. Javalera for domestic assault and battery. Following his arrest, an agent with the Immigration and Customs Enforcement Agency interviewed him and determined he was a previously-deported aggravated felon who re-entered the United States illegally. Further investigation revealed that between November 6, 1999, and January 12, 2004, border patrol agents apprehended Mr. Javalera eight different times while he attempted to enter this country illegally from Mexico. On one of these occasions, in 2001, Mr. Javalera was a passenger in a vehicle with a narcotics load and told agents he received payment to assist the driver in smuggling marijuana into the United States. However, he was not prosecuted because he was a juvenile. On another occasion, on September 2, 2004, he was

apprehended entering the United States in possession of a bag containing 130 pounds of marijuana, which resulted in his guilty plea to a felony count of conspiracy to sell marijuana and a sentence of twenty months imprisonment and three years supervised release. Following the completion of his sentence, Mr. Javalera was deported to Mexico on February 13, 2006. As part of his deportation proceeding, Mr. Javalera signed a form acknowledging his understanding he was permanently banned from entering the United States. Nevertheless, following his deportation, Mr. Javalera re-entered the United States illegally on July 27, 2006, and again on February 24, 2009, resulting in at least ten instances of illegal entry into the United States.

After his February 2010 arrest, a criminal indictment issued charging Mr. Javalera with one count of illegal re-entry of a deported alien following an aggravated felony in violation of 8 U.S.C. § 1326(a). Following Mr. Javalera's guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable 2009 Guidelines. The probation officer recommended applying a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a), for unlawfully entering the United States, and increasing his base level sixteen levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), because he had previously been deported following a felony conviction for drug trafficking. The probation officer also recommended a three-level offense reduction for acceptance

of responsibility, for a total offense level of twenty-one, which, together with his criminal history category of III, resulted in a recommended Guidelines range of forty-six to fifty-seven months imprisonment. In computing Mr. Javalera's criminal history points, the probation officer assessed "recency points" under U.S.S.G. § 4A1.1, including two points based on the conclusion Mr. Javalera was on supervised release from his drug trafficking offense at the time of the instant offense, and another point because he committed the instant offense less than two years following his release from custody on the drug trafficking offense. After assessing Mr. Javalera's criminal history and other factors, the probation officer concluded no information warranted a sentence outside the advisory Guidelines range.

Mr. Javalera filed formal objections to the presentence report, including an objection to the attribution of "recency points" under U.S.S.G. § 4A1.1. In support, he explained his term of supervised release ended on February 13, 2009, and the instant offense occurred after his term of supervised release expired and more than two years after he was released from custody. He also discussed the various sentencing factors in 18 U.S.C. § 3553(a) which he believed should result in a "well below" Guidelines-range sentence, including the fact he had never been prosecuted criminally for at least eight of his illegal re-entries, resulting in his

lack of appreciation of the seriousness and resulting punishment for his illegal entries.

At sentencing, the district court sustained Mr. Javalera's recency point objections, resulting in a criminal history category of II, which, together with his total offense level of 21, resulted in a Guidelines range of forty-one to fifty-one months imprisonment. After the district court indicated all the contested portions of the presentence report had been resolved, counsel for Mr. Javalera agreed no other contested matters or procedural objections relevant to sentencing existed.

The district court then asked Mr. Javalera's counsel for argument, asking her to address the fact Mr. Javalera had a conviction for conspiracy to import a controlled substance and a "track record of numerous illegal entries." In so doing, it stated: "[t]hat, in my mind, gives you a rather unenviable starting point for sentencing purposes in terms of sheer incapacitation, so I need you to feel free to address that, as well as anything else that you care to address." In support of a low or below Guidelines-range sentence, counsel argued, in part: (1) Mr. Javalera's drug trafficking conviction was unfairly counted twice – once for the purpose of tripling his offense level and again to increase his criminal history score; and (2) eight of his illegal entries into this country did not result in criminal prosecution, so he did not appreciate the seriousness of such an offense.

Counsel also pointed out Mr. Javalera's Guidelines range for the offense of illegal re-entry would be more than double his drug trafficking offense, even though the instant offense was not "inherently harmful to anybody."

Following Mr. Javalera's allocution, in which he apologized for his illegal re-entry, the district court sentenced him at the high end of the Guidelines range to fifty-one months imprisonment. It explained it sentenced him at the top of the Guidelines range for the protection of the public and was "well-satisfied" the sentence imposed would "simply be an interruption in your more or less continuous course of conduct of re-entry into the United States, some of which has been for the purpose of drug distribution."

## II. Discussion

On appeal, Mr. Javalera explicitly does not challenge the procedural component in the calculation of his sentence but argues his sentence is substantively unreasonable because it is excessive and greater than necessary to comply with the statutory directives in 18 U.S.C. § 3553(a). More specifically, he argues his sentence is substantively unreasonable based on the district court's mistaken perception the public needed protection from his future crimes and the unfairly harsh sentencing structure for the nature of his offense in which the illegal re-entry Guidelines formula places undue emphasis on a defendant's

criminal record. Based on this reasoning, Mr. Javalera suggests a sentence at the bottom or below the advisory Guidelines range would more closely reflect the sentencing factors in § 3553, including promotion of respect for the law, just punishment, adequate deterrence of criminal conduct, and protection of the public.

We review a sentence for reasonableness, giving deference to the district court under an abuse of discretion standard. *See United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. Here, Mr. Javalera has expressly stated he is not appealing the procedural reasonableness of his sentence, and, instead, is challenging the sufficiency of the § 3553(a) justifications relied on by the district court, which we have said "implicates the substantive reasonableness of the resulting sentence." *Id.* at 804. However, if the sentence is within the correctly-calculated Guidelines range, as Mr. Javalera agrees it is, we apply a presumption of reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006) (*per curiam*). Mr. Javalera may rebut this presumption by demonstrating the sentence is unreasonable when viewed under the § 3553(a) factors. *See id.* at 1054-55. The 18 U.S.C. § 3553(a) sentencing factors include:

The nature and circumstances of the offense, the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*United States v. Cordova,* 461 F.3d 1184, 1188-89 (10th Cir. 2006) (quoting

*United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005)).

"The sentencing court ... is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." *Id.* at 1189 (internal quotation marks omitted). Instead, the district court must "state in open court the reasons for its imposition of the particular sentence," 18 U.S.C. § 3553(c), and satisfy us that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

With these principles in mind, we turn to Mr. Javalera's appeal of the substantive reasonableness of his sentence. In this case, the district court explicitly stated it had read the parties' sentencing memoranda in advance of the hearing and listened to Mr. Javalera's argument at the sentencing hearing for a below Guidelines-range sentence. Accordingly, we are confident it considered all

of Mr. Javalera's arguments in support of a variance. It is also evident the district court found Mr. Javalera's numerous illegal entries and the fact at least one of them was drug-related an important sentencing factor when it asked his counsel to address them during oral argument. It further articulated that it was imposing a sentence at the top of the Guidelines range in an effort to protect the public. Thus, the district court sufficiently stated in open court the reasons for its imposition of his sentence under 18 U.S.C. § 3553(c), satisfying us it "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *See Rita*, 551 U.S. at 356.

Next, despite Mr. Javalera's contrary argument, the illegal re-entry of an ex-felon into this country is considered a serious offense for which Congress has imposed a statutory maximum sentence of twenty years. *See* 8 U.S.C. § 1326(b)(2). Relying on § 1326(b)(2), we have rejected the argument that illegal re-entry of an ex-felon is a non-injurious offense warranting a reduced sentence. *See United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008). As the district court indicated, Mr. Javalera illegally entered this country ten times. Arguably, even if he did not appreciate the seriousness of the offense of illegal re-entry the first several times, he was expressly advised, following his 2004 conviction for a drug felony, of the serious consequences of re-entering this country illegally and acknowledged he understood them. Despite such warning,

he nonetheless re-entered this country, supporting the district court's reasoning a longer sentence would provide adequate deterrence of continued illegal re-entry. Moreover, the fact he had a history of illegal entry for the purpose of trafficking in illegal substances clearly supports the district court's determination a sentence at the high end of the Guidelines range would protect the public from any of his future crimes. In turn, Mr. Javalera has not demonstrated his history and characteristics, or other factors articulated in § 3553(a), are sufficiently compelling for the purpose of making his fifty-one-month sentence unreasonable, and, therefore, he has not rebutted the presumption his sentence is reasonable in light of the sentencing factors in § 3553(a).

Finally, Mr. Javalera raises an argument, seemingly challenging the procedural reasonableness of his sentence, in which he opposes "double counting" in using his prior felony conviction to calculate both his criminal history category and offense level. However, the application notes to U.S.S.G. § 2L1.2 of the Guidelines expressly state: "[a] conviction taken into account under subsection (b)(1) [i.e., for drug trafficking crimes] is not excluded from consideration of whether that conviction receives criminal history points ...." U.S.S.G. § 2L1.2 cmt. n.6. We have generally upheld the use of prior convictions to calculate both criminal history categories and sentence enhancements where the Guidelines permit such application, and Mr. Javalera's argument does not persuade us we

-10-

should abandon our clear and long-held precedent.  *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1204 (10th Cir. 2007); *United States v. Alessandroni*, 982 F.2d 419, 423 (10th Cir. 1992); *United States v. Florentino*, 922 F.2d 1443, 1447-48 (10th Cir. 1990).

### III.  Conclusion

For these reasons, we **AFFIRM** Mr. Javalera's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge