FILED
United States Court of Appeals
Tenth Circuit

August 15, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 13-6036 |
| | (D.C. No. 5:12-CR-00201-R-1) |
| JOSE EULOGIO MUNOZ-PENA, | (W.D. Okla.) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

After Jose Eulogio Munoz-Pena pleaded guilty to reentering the United States unlawfully, in violation of 8 U.S.C. § 1326(a), the district court sentenced him to 56 months in prison, less than the 57 to 71 months suggested by the advisory sentencing guidelines. Before us, Mr. Munoz-Pena disputes both the procedural and substantive reasonableness of his sentence, but his arguments are foreclosed by precedent.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Munoz-Pena contends the district court erred procedurally by assessing criminal history points under the guidelines for several of his prior convictions. The guidelines generally seek to take notice only of prior convictions when the applicable sentence was imposed within 10 years of the defendant's "commencement" of his current offense. USSG § 4A1.2(e)(2). Here, Mr. Munoz-Pena points out, some of his prior offenses were committed more than ten years before he was *found* in the United States again after his illegal reentry. But this court has explained already that the crime of illegal reentry is "first committed when the defendant voluntarily *reenters* the country and *continues* to be committed until the defendant is '*found.*'" *United States v. Villarreal-Ortz*, 553 F.3d 1326, 1330 (10th Cir. 2009) (emphases added). All of the crimes at issue involved sentences imposed within ten years of Mr. Munoz-Pena's voluntary and unlawful reentry. Accordingly, the district court properly accounted for them when calculating the appropriate advisory guidelines range. Mr. Munoz-Pena acknowledges circuit precedent compels this conclusion. Opening Br. at 11.

Separately, Mr. Munoz-Pena contends the district court erred substantively by failing to depart downward even more than it did from the properly calculated advisory guidelines range. Among other things, he contends that the guidelines' treatment of the crime of illegal reentry is unfairly harsh relative to its treatment of other crimes. The district court considered this but ultimately disagreed. And though a district court is free to depart from the guidelines when it disagrees with

- 2 -

the policy goals the guidelines evince, *see Kimbrough v. United States* 552 U.S. 85, 110-11 (2007), it is also the case that "'a sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory guideline range' based on disagreements with the policies underlying a particular Guideline provision." *United States v. Wilken*, 498 F.3d 1160, 1172 (10th Cir. 2007) (quoting *United Sates v. McCollough*, 457 F.3d 1150, 1171 (10th Cir. 2006)); *see also United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1166 (10th Cir. 2010). Accordingly, this argument too is foreclosed by precedent. We note, as well, that Congress apparently disagrees the defendant's assessment about the seriousness of his offense, providing for a maximum sentence of 20 years, more than four times as long as the sentence he received. *See United States v. Javalera*, 417 F. Appx. 804, 808 (10th Cir. 2011) ("the illegal re-entry of an ex-felon into this country is considered a serious offense for which Congress has imposed a statutory maximum sentence of twenty years").

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge